[Civ. No. 1197. First Appellate District.—October 30, 1913.]

## JOHN HASTARAN et al., Respondents, v. CANNIE B. MARCHAND, Appellant.

APPEAL—STATEMENT OF CASE—SPECIFICATION OF ERRORS—SUFFICIENCY OF EVIDENCE.—A statement of the case on motion for a new trial, which does not specify nor attempt to specify the particulars in which the evidence is claimed to be insufficient to justify the findings, cannot be considered, either upon the appeal from the order denying a new trial or on the appeal from the judgment, for the purpose of determining the sufficiency of the evidence.

ID.—INSUFFICIENT STATEMENT—WHETHER CURED BY OTHER DOCUMENTS IN TRANSCRIPT.—The failure of such statement to specify the particulars in which it is claimed the evidence is insufficient, is not cured by the incorporation, elsewhere in the transcript, of two separate documents entitled "Bill of Exceptions," one of which contains several specifications of the insufficiency of the evidence intermingled with argument and the citation of authorities, and the other made up of specifications of errors in law alleged to have occurred during the trial, neither documents being authenticated by the trial judge, nor referred to in the authenticated statement or made a part thereof, nor purporting to set out in narrative form or otherwise the evidence and rulings at the trial, although upon the diminution of the record there was indorsed thereon the certificate of the trial judge that such documents were used on the hearing of the motion for a new trial.

ID.—SPECIFICATIONS OF INSUFFICIENCY OF EVIDENCE—THEIR OBJECT AND PURPOSE.—The specifications of the insufficiency of the evidence in a statement of the case or bill of exceptions are not required merely for use upon the hearing of the motion for a new trial, but are

intended primarily, if not entirely, for the information of the adverse party and the trial court, to the end that they may be fully advised upon the settlement of the statement or bill of exceptions as to what matters of evidence covering the points in controversy should be included therein.

ID.—BRIEFS ON APPEAL—NECESSITY OF STATING OR ARGUING ERRORS OF LAW.—Alleged errors of law relating to the reception and rejection of testimony, not stated or argued in the brief of the appellant, but merely adverted to in a general way in an unauthenticated document purporting to be a bill of exceptions, will not be considered by the appellate court.

ID.—STATEMENT OF CASE—ERRORS OF LAW—WHEN REVIEWABLE.—Errors of law appearing either in a proper statement of the case or bill of exceptions may be reviewed upon an appeal from the judgment, regardless of whether or not an appeal has been perfected from an order denying a new trial.

ID.—OBJECTION TO EVIDENCE—NECESSITY OF INTERPOSING.—Errors of law in the admission of evidence are not available on appeal, if no objection was made to the reception of the evidence.

ID.—SUFFICIENCY OF EVIDENCE—PRESUMPTION ON APPEAL.—In the absence of an efficient statement of the case or a bill of exceptions, an appellate court must assume that the evidence adduced at the trial fully supports the findings, and justified the denial of a new trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. Frank H. Smith, Judge presiding.

The facts are stated in the opinion of the court.

.A. Heynemann, C. F. Adams, and Lande & Woodworth, for Appellant.

J. K. Ross, for Respondents.

LENNON, P. J.—This is an appeal from a judgment rendered in favor of the plaintiffs and also from an order denying the defendant a new trial.

The action was one to rescind a contract of purchase and sale of personal property and for the recovery of the purchase price thereof, upon the ground of fraud. The case was tried by the court without a jury, and findings were made in favor of the plaintiffs in substantial accord with the allegations of the complaint. Judgment was entered upon the findings on September 7, 1911, and on the following day defendant served

and filed her notice of intention to move for a new trial upon the grounds of errors of law occurring during the trial, and the insufficiency of the evidence to justify the findings.

The notice of intention stated that the motion would be made upon affidavits to be thereafter filed, a statement of the case, and also a bill of exceptions to be thereafter prepared. On March 25, 1912, an engrossed "statement of the case on motion for a new trial" was allowed and authenticated by the certificate of the trial judge. The motion for a new trial was heard and denied on April 8, 1912.

In support of the appeal it is urged that in certain particulars the evidence is insufficent to support the findings of fact as made by the trial court.

This point cannot be considered, either upon the appeal from the judgment or from the order denying the new trial, for the reason that the statement of the case appearing in the record before us does not specify nor attempt to specify the particulars in which the evidence is claimed to be insufficient to justify the findings. (*Sather Banking Co.* v. *Briggs,* 138 Cal. 724, [72 Pac. 352].) ' Section 659 of the Code of Civil Procedure, provides that "When the notice of the motion designates, as the ground of the motion, the insufficiency of the evidence to justify the verdict or other decision, the statement shall specify the particulars in which such evidence is alleged to be insufficient. . . . If no such specification be made the statement shall be disregarded on the hearing of the motion." Inasmuch as the statement of the case before us does not even attempt to specify the particulars in which it is claimed that the evidence is insufficient to support the findings, it must be assumed in support of the order appealed from that the lower court, in passing upon the motion for a new trial, ignored, as was its duty, the statement of the case prepared and presented by the defendant. This being so, it follows that the motion for a new trial, in so far as it was grounded upon the insufficiency of the evidence, was in effect made without a statement of the case to support it; and the defendant having elected to move upon such a statement, his failure to prepare and perfect it in the particulars required by the code precluded the lower court from passing upon the sufficiency of the evidence, and, therefore, in so far as that question was concerned, the motion for a new trial was properly denied.

The reasoning which requires us to reject the defendant's statement of the case when considering the appeal from the order denying a new trial, likewise precludes us from considering that statement upon the appeal from the judgment in so far as the sufficiency of the evidence to support the findings is concerned.    Section 950 of the Code of Civil Procedure provides that on an appeal from a final judgment the appellant must furnish the court with (1) a copy of the notice of appeal; (2) the judgment-roll; and (3) of any bill of exceptions or (4) statement of the case on which the appellant relies.    For the purpose of an appeal from the judgment there is little difference between a bill of exceptions and a statement of the case.    "Their form is the same, the proceeding to settle them is the same, they perform the same office, and may be used interchangeably."    (2 Spelling's New Trial, sec. 629.) Accordingly, any statement of the case which has been settled and authenticated as required by law, and which was used or which was prepared, settled, and authenticated for use upon a motion for a new trial, may be resorted to by this court upon an appeal from a judgment which involves errors of law claimed to have been committed upon the trial, or the alleged insufficiency of the evidence to support the findings.    (2 Hayne on New Trial, revised ed., sec. 250.)

This, however, presupposes that upon an appeal from the judgment grounded upon the insufficiency of the evidence the "bill of exceptions" or "statement of the case" accompanying the judgment-roll was prepared and perfected in accordance with the provisions of section 648 of the Code of Civil Procedure, which requires that "when the exception is to the verdict or decision, upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient." The purpose of this requirement is practically the same as that of section 659 of the same code relating to the necessity of specifications of insufficiency in a statement of the case on a motion for a new trial.    Therefore, upon the appeal from the judgment in the present case, the sufficiency of the evidence to support the findings cannot be reviewed upon the statement of the case before us.    (2 Hayne on New Trial, sec. 259.)

23 Cal. App.—9

The defendant insists that the neglect of the statement to specify the particulars in which it is claimed the evidence was insufficient was covered, and therefore cured, in two separate documents entitled ''Bill of Exceptions,'' which are printed elsewhere in the transcript, and purport to have been filed in the action some five months previous to the allowance and authentication of the defendant's ''Engrossed statement of the case on motion for a new trial.''

The first of these documents contains several specifications of the insufficiency of the evidence intermingled with argument and the citation of authorities. The second is made up of specifications of errors in law alleged to have occurred during the trial. Neither document, however, purports to set out in narrative form or otherwise the evidence and rulings had and made at the trial. Moreover, neither document was authenticated by the judge of the trial court, and, therefore, neither can be said to be a bill of exceptions in form or in fact. Neither document was included in nor referred to in the authenticated statement of the case which was finally settled and allowed by the trial court. Obviously they cannot be considered for any purpose upon this appeal.

This case was heard once before by this court, and upon the point just stated was decided adversely to appellant. In the petition for a rehearing our attention was called to the fact that prior to the filing of briefs and before the oral argument upon the first hearing a diminution of the record upon motion of the appellant was ordered, so as to show that the trial judge had indorsed upon each of the two unsettled and unauthenticated documents entitled ''Bill of Exceptions'' the following certificate: ''I hereby certify that the foregoing specifications were used before me on the argument on motion for a new trial. Frank H. Smith, Judge. September 20, 1912.'' Although permission was granted counsel for the appellant at the time the diminution was suggested and ordered to amend the record before us by inscribing thereon with pen and ink the above-mentioned certificate, such amendment was not made until after our opinion in the first instance affirming the judgmet had been filed; and although permission had been granted previous to the filing of appellant's brief to amend the record in the particulars and manner stated no mention or point was made either in the briefs of counsel for the appellant

or upon the oral argument of the fact that the trial judge had used the disputed documents upon the hearing of the motion for a new trial. We were justified, therefore, in assuming, as we did, upon the first hearing that the suggested diminution of the record was not considered by counsel for the appellant, as a matter of sufficient moment to be considered by us upon the determination of the appeal. A rehearing, however, was granted largely because of the earnest insistence of counsel for appellant that such certificate obviated the objections which resulted in the affirmance of the judgment in the first instance.

Upon further consideration we are satisfied that even as finally amended the record before us will not sustain the appeal upon the ground of the insufficiency of the evidence to support the findings.

The case of *Dawson* v. *Schloss*, 93 Cal. 195, 201, [29 Pac. 31], hurts rather than helps appellant, for there it is declared that the primary purpose of the rule requiring specifications of evidence "in statements on motion for a new trial and in bills of exceptions is to abbreviate the statement of evidence by restricting it to such as is relevant or material to prove or disprove the specified fact. By the specifications required the opposing party and the judge are notified of the exact points of contest, and thereby enabled to determine what evidence should be brought into the statement and what should be excluded therefrom. Without such specifications the judge could not perform the duty enjoined upon him 'to strike out of it (the statement or bill of exceptions) all redundant and useless matter,' and to make the statement truly represent the case (Code Civ. Proc., secs. 650, 659); nor would the opposing party have any means of distinguishing what portions of the evidence would be redundant from that which tends to prove the issue on his part; and the consequence would generally be that all the evidence would be brought into the statement or bill of exceptions though nine-tenths of it were irrelevant and useless. So important were the required specifications in a statement on a motion for a new trial regarded by the legislature that it enacted 'If no such specifications be made the statement shall be disregarded on the hearing of the motion.' (Code Civ. Proc., sec. 659), and this penalty has been enforced

by this court in so many causes that there seems to be no
excuse for failure to comply with the code rule. . . . ''

It will thus be seen that the specifications of the insufficiency
of the evidence in a statement of the case or bill of exceptions
are not required merely for use upon the hearing of the mo-
tion for a new trial, but are intended primarily, if not en-
tirely, for the information of the adverse party and the trial
court, to the end that they may be fully advised upon the
settlement of the statement or bill of exceptions as to what
matters of evidence covering the points in controversy should
be included therein. (*Cortelyou* v. *Imperial Land Co.*, 166
Cal. 14, [134 Pac. 981].)

In the present case the statement, which was settled for use
and subsequently used upon the motion for a new trial, is, as
has been previously pointed out, utterly devoid of specifica-
tions or attempted specifications of the insufficiency of the evi-
dence to sustain the findings made by the trial court; and
therefore neither the trial court nor the adverse party was
required upon the settlement of the statement to ascertain
whether or not all of the evidence adduced upon the trial and
upon which the findings were made was incorporated in the
statement as originally prepared and presented for settlement.
Perchance if the insufficiency of the evidence to sustain all
or any one of the findings made by the trial court had been
specified in the statement as submitted for settlement, amend-
ments would have been proposed and allowed which would
have covered the points in controversy.

It is contended, however, upon behalf of the appellant that
the certificate of the trial judge which has been added to the
record shows that he had before him at the time of the settle-
ment of the statement the specifications of insufficiency con-
tained in one of the two unsettled and unauthenticated docu-
ments entitled ''Bill of Exceptions,'' and we are therefore
requested to consider those specifications as part and parcel
of the settled and authenticated statement of the case which
was used upon the motion for a new trial.

This contention is not supported by the record before us,
and the request following it must be ignored. It may be con-
ceded that generally the legal effect of a document must be
determined by a consideration of its subject matter rather
than by the name given to it; and when its real character is

thus ascertained its scope and effect cannot be ignored because of a mere misnomer. It may also be conceded that a statement on motion for a new trial and a bill of exceptions may be incorporated in one paper without invalidating either (*Spottiswood* v. *Weir*, 66 Cal. 525, [6 Pac. 381]; *Martin* v. *Southern Pacific Co.*, 150 Cal. 124, [88 Pac. 701]); and we have no doubt that if in the present case the two unsettled and unauthenticated documents entitled "Bill of Exceptions" —one of which specified the insufficiency of the evidence and the other the errors of law—had been, by reference or otherwise, made a part of the proposed statement on motion for a new trial, they would have constituted sufficient specifications of the insufficiency of the evidence and the errors of law relied upon for a new trial.

No such situation, however, confronts us here. In the first place both of the documents in the present case entitled "Bill of Exceptions" plainly purported only to set forth disconnected fragments of the evidence· adduced upon the trial of the case, and neither of such documents was, directly or by reference, authenticated by the certificate of the trial judge. Clearly, therefore, they lack the essentials of an efficient bill of exceptions. In the second place, the record before us, as originally prepared and as subsequently amended, shows unequivocally that the two documents in question were neither directly nor by reference made a part of the proposed statement on motion for a new trial. The record shows further that the "Engrossed statement on motion for a new trial" was filed, settled, and authenticated some five months subsequent to the filing of the two unsettled and unauthenticated documents entitled "Bill of Exceptions," and it does not show that either of such documents was called to the attention of the trial judge nor considered by him before the time of the hearing of the motion for a new trial, which, of course, must have been subsequent to the settlement and authentication of the statement of the case upon which the motion for a new trial was made and determined.

This being so there is no escape from the conclusion that the two unsettled and unauthenticated documents entitled "Bill of Exceptions" were not a part of the proposed statement on motion for a new trial, nor considered by the trial court upon the settlement of such statement. Standing alone, as it must,

the settled and authenticated statement did not contain the required specifications of insufficiency, and therefore it must be held in compliance with the rule annunciated in the authorities hereinbefore cited and quoted, that such statement could not be used upon the hearing of the motion for a new trial nor resorted to upon this appeal in so far as the sufficiency of the evidence to support the findings is concerned.

The opening brief of counsel for the appellant consisted solely of a discussion of the sufficiency of the evidence to support the findings; but in the closing brief alleged errors of law relating to the reception and rejection of testimony are adverted to in a general way. For instance, without pointing out the particular errors relied upon for a reversal, we are advised and admonished that "It is for the appellate court to determine whether or not this testimony was properly excluded, or whether the testimony given was properly admitted"; and we are then referred to the two unsettled and unauthenticated documents already described, where, we are told, will be found "the errors of law . . . and the authorities supporting the points. . . ."

Neither this court nor counsel for the respondent is required to examine and answer points and authorities presented in such manner (*People* v. *Woon Tuck Wo,* 120 Cal. 294, [52 Pac. 833] ; *People* v. *McLean,* 135 Cal. 306, [67 Pac. 770] ; *People* v. *Cebulla,* 137 Cal. 314, [70 Pac. 181] ; *People* v. *Chutnacut,* 141 Cal. 682, [75 Pac. 340] ; *Duncan* v. *Ramish,* 142 Cal. 686, [76 Pac. 661] ; *Bell* v. *Southern Pacific Co.,* 144 Cal. 560, [77 Pac. 1124] ; *Pigeon* v. *Fuller,* 156 Cal. 691, [105 Pac. 976] ; *Perry* v. *Ayers,* 159 Cal. 414, [114 Pac. 46]). In fairness to this court and to counsel for respondents every point relied upon for a reversal should have been stated and argued in the opening brief of counsel for the appellant; and therefore points not so stated and argued may be deemed to be waived (*Hihn* v. *Courtis,* 31 Cal. 399; *Webber* v. *Clarke,* 74 Cal. 11, [15 Pac. 431] ; *Wheelock* v. *Godfrey,* 100 Cal. 578, [35 Pac. 317] ; *Odell* v. *Buttrick,* 126 Cal. 551, [159 Pac. 133]).

It is true that one of the documents referred to consists mainly of argument and the citation of authorities directed to alleged errors of law specified therein; but we do not understand, nor can it be successfully contended, that the irregular interpolation of points and authorities in a bill of exceptions,

or a document purporting to be such, will suffice as an opening brief upon appeal, and thereby require this court and counsel for the respondent to investigate and answer the points so made. However, having in mind the rule that errors of law appearing either in a proper statement of the case or bill of exceptions may be reviewed upon an appeal from the judgment, regardless of whether or not an appeal has been perfected from an order denying a new trial, we have out of an abundance of caution, not unmingled with some curiosity, examined the authenticated statement of the case which was used upon the motion for a new trial, and find that it does not, either by reference to the notice of intention or otherwise or at all, specify any error of law occurring at the trial. Such statement, therefore, considered merely as a statement and not as a bill of exceptions, cannot be resorted to for the purpose of disposing of alleged errors of law (Code Civ. Proc., sec. 659, subd. 3; *Shadburne* v. *Daly,* 76 Cal. 355, [18 Pac. 403]). Of course, if such statement be considered a bill of exceptions (as may be done) specifications of error would not be necessary to review any alleged errors of law appearing therein (Code Civ. Proc., sec. 650; *Martin* v. *Southern Pacific Co.,* 150 Cal. 125, [88 Pac. 701]). But treating the statement as a bill of exceptions we find upon a careful review thereof that all of the evidence set forth therein was offered and received without the interposition of a single objection. This being so it is . obvious that the errors of law, if any, occurring at the trial are not in any event available to appellant upon this appeal.

Upon the first hearing of this case appellant, in an endeavor to have us consider everything which is to be found between the covers of the transcript, asserted that the appeal was taken under the new or alternative method provided by sections 941a et seq. of the Code of Civil Procedure. This position, however, was finally and expressly abandoned upon rehearing, and therefore need not be further discussed. No error appears on the face of the record before us; and in the absence of an efficient statement of the case or bill of exceptions we must assume that the evidence adduced at the trial fully supports the findings, and justified the denial of a new trial.

The judgment and order appealed from are affirmed.

Richards, J., and Kerrigan, J., concurred.