[Civ. No. 4871. Second Appellate District, Division Two.—January 24, 1928.]

F. O. DALTON et al., Respondents, v. M. GORE et al., Appellants.

Schweitzer & Hutton for Appellants.

Leslie R. Hewitt and Hewitt, Ford & Crump for Respondents.

VALENTINE, J., *pro tem.*—This was an action brought by plaintiffs and respondents against defendants and appellants for money due under contract. The case was tried on the amended and supplemental complaint of plaintiffs, upon an amendment thereto, and upon the original answer of defendants stipulated to stand as answering plaintiffs' amended complaint.

The amended and supplemental complaint of plaintiffs contained four separate counts or causes of action, the first being on the contract as plaintiffs claimed it was entered into and agreed upon while the second, third and fourth causes of action were for revision on the grounds respectively of fraud, mutual mistake, and mistake of plaintiffs known or suspected by the defendants.

The trial court found for plaintiffs on the first cause of action and found against the allegations of fraud and mistake pleaded in the second, third, and fourth causes of action.

The nature of the contract as found by the court is as follows:

"That heretofore, to wit, on or about April 6, 1921, plaintiffs and defendants entered into a contract for the operation of a certain theater in the city of Los Angeles known as the Burbank Theater for a period of fifty-two (52) consecutive weeks, beginning May 15, 1921, under which contract plaintiffs agreed to furnish a full acting musical comedy company consisting of not less than twenty-eight (28) people, an assistant manager, one door man and one stage man, and defendants agreed to furnish the building then being operated by defendants as the Burbank Theater, located on Main street in the city of Los Angeles, and agreed to provide all necessary ice, heat, light, water, janitor service, cashiers, insurance, ushers, film service, and pay all licenses—city, county, state and federal.

"That plaintiffs and defendants contracted and agreed that the gross receipts coming from the operation of said theater as such for said period of fifty-two (52) weeks should, after the deduction of the United States amusement

or admission tax from said receipts, be divided equally between said plaintiffs and said defendants, with the proviso and condition, however, that the portion of the total gross receipts to go to defendants should amount to at least the sum of one hundred thirty thousand dollars ($130,000.00) for said period of fifty-two (52) weeks, and said plaintiffs agreed to and did deposit with the Los Angeles Trust & Savings Bank of Los Angeles the sum of fifteen thousand dollars ($15,000.00) in cash as a sum from which said guaranty of a minimum of one hundred thirty thousand dollars ($130,000.00) as defendants' portion for said period of fifty-two (52) weeks should to that extent be made good.''

The trial court further found that: ''There is now due, owing and unpaid from defendants to plaintiffs said sum of four thousand three hundred seventy-two dollars and eighty-five cents ($4,372.85), together with interest thereon from the times and in the amounts the various sums were due to plaintiffs on weekly settlements as hereinabove shown.''

The conclusions of law were of the conventional type, following and based upon the findings, to the effect that plaintiffs were entitled to a money judgment, stating the amount, and the judgment likewise was in the usual form based on the conclusions of law.

The appellants contend (1) that the judgment is against the law in that (a), in the absence of mutual mistake, fraud, mistake of the plaintiffs which the defendants at that time knew or suspected, ambiguity, fiduciary relationship, or subsequently executed oral agreement, the court must not admit parol testimony for the purpose of construing the agreement. In other words, that the court is confined to the four corners of the instrument; and (2) that in so construing the intent of the parties as there expressed, the court must not insert or add anything which is not necessarily and reasonably implied from the terms contained therein.

█ The appeal is taken from the judgment upon the judgment-roll, without any bill of exceptions. It is therefore necessarily admitted by appellants that no errors were committed in the admission or rejection of evidence, and that the evidence sustains and justifies the findings. (*Mock* v. *City of Santa Rosa*, 126 Cal. 330, 340 [58 Pac. 826].)

There is therefore no merit in appellants' first contention that the trial court committed error by the admission of parol testimony.

Nor do we see that there is any force in appellants' second contention that in so construing the intent of the parties the court must not insert or add anything which is not necessarily and reasonably implied from the terms contained therein. As a mere statement of an abstract proposition it may be true, but appellants make no attempt by specification, argument nor authority to justify its application here. (*Hastaran* v. *Marchand,* 23 Cal. App. 126 [137 Pac. 297].)

We adopt the following from respondents' brief as a correct and concise statement of the law applicable on this appeal.

"There is no bill of exceptions showing the evidence, and we must upon this appeal take the findings of fact as absolutely true and presume that the evidence necessary to sustain them was presented to the court below." (*Estate of Brown,* 143 Cal. 450, 454 [77 Pac. 160]. Also, *Los Angeles etc. Land Co.* v. *Marr,* 187 Cal. 126 [200 Pac. 1051]; *Robben* v. *Benson,* 43 Cal. App. 204, 213 [185 Pac. 200]; *Hastaran* v. *Marchand, supra.*)

"Error is never presumed. All intendments are in favor of the judgment." (*Estate of Aufret,* 187 Cal. 34 [200 Pac. 946]; *Estate of Gamble,* 166 Cal. 253 [135 Pac. 970]; *Hastaran* v. *Marchand, supra.*)

"Errors of law in the admission of evidence are not available on appeal, if no objection was made to the reception of the evidence.

"A point raised for the first time on appeal will not be considered. (*Morrison* v. *Land,* 169 Cal. 580 [147 Pac. 259]; *Blanc* v. *Connor,* 167 Cal. 719 [148 Pac. 518].)

"A judgment will not be reversed unless error is shown and the burden is upon appellant to show the error. (*Kellogg* v. *Kellogg,* 170 Cal. 84 [148 Pac. 518].)

"It can avail nothing to argue that Exhibit 'A' to plaintiffs' amended and supplemental complaint is contrary to the court's finding. If this court should so conclude, it would then simply presume there was other evidence that did support the finding.

"Appellants are precluded from claiming any alleged variance between the allegations of the pleadings and the proof to support the findings. This court will presume sufficient evidence was before the lower court to support the findings, whether a variance or not, and if deemed variance, it will be presumed no objection thereto was made and that such variance was waived. (*California Portland Cement Co.* v. *Wentworth Hotel Co.*, 16 Cal. App. 692, 699 [118 Pac. 103].)"

Therefore, it affirmatively appearing that evidence was introduced in the court below and there being no bill of exceptions before this court, it will be conclusively presumed that the evidence supports the findings and that all objections to the introduction of evidence were and are waived.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 22, 1928.

All the Justices present concurred.