[Civ. No. 6557.   Second Appellate District, Division Two.—March 16, 1931.]

PETER BARNES, Appellant, v. R. V. COCKE, Respondent.

M. W. Conkling for Appellant.

W. A. Alderson for Respondent.

THOMPSON (IRA F.), J.—Plaintiff commenced an action against defendant, the nature of which is not disclosed by the record. The defendant responded by a cross-complaint, the second cause of action in which is involved in this appeal, it having been stipulated by the parties that the issues thereof should be tried and determined separately and independently of all other issues and judgment entered accordingly, which judgment it was further agreed should "be subject to motion and appeal as though entered in an independent action between the parties". By stipulation the cause thus framed was referred to a referee, whose findings were adopted by the court and judgment rendered in favor of cross-complainant in the sum of $2,470.21 and costs amounting to $80. The appeal is from the judgment and comes to us upon the judgment-roll alone.

But one ground is urged by appellant as a reason for reversal. It is that "The judgment is contrary to the findings in that it is apparent that $986.00 of the judgment is for and on. account of an alleged oral contract in derogation of the written contract of the parties." In our consideration of an appeal from the judgment-roll only we cannot consider either the sufficiency of the evidence to support the findings or whether errors were committed in the admission or rejection of testimony. (*Dalton* v. *Gore,* 88 Cal. App. 554 [263 Pac. 844].) The cross-complaint (second cause of action) alleged that cross-complainant advanced and paid out for cross-defendant at his request the sum of $4,484 and that under the provisions of a contract pleaded in the first cause of action the cross-complainant had become indebted to cross-defendant in the sum of $1744, all of which was itemized by a bill of particulars attached to the cross-complaint, and that the difference between the two amounts, or $2,740, was due and owing the cross-complainant. In effect, then, the cross-action is one for money laid out and expended for cross-defendant at his special instance and request. The contract which it is said was varied by an oral contract was a lease of land for agricultural purposes the rental thereof to be paid by a share

of the crop, and which provided for the planting of the entire tract to trees and the maintenance thereof for five years, and provided further that the land might be sold and the proceeds divided. There are further allegations in the second cause of action incorporated by reference to paragraphs in the preceding count to the effect that the contract did not completely and fully cover the entire agreement between the parties, but was silent concerning certain features, and also it was set forth in substance that the contract was in fact altered by an executed oral agreement. We have no way of determining without the complete record before us whether the testimony supporting the items of account related to an executed oral agreement or were outside of and different from the original contract. We must indulge the presumption that the evidence is sufficient to warrant their allowance in the findings. (*Dalton* v. *Gore, supra.*) ■ The findings establish a stipulation by the parties for the allowance to cross-complainant of all of the items of his account except the sum of $988.50 and the allowance to cross-defendant of the sum of $2,013.79. It is then found that as to the items constituting the amount of $988.50, that they ''were and are proper charges against the plaintiff and cross-defendant, and the defendant and cross-complainant is entitled to credit therefor and to recover the same in this action''. The report of the referee also says that the written contract was entirely silent upon the subject comprehended by a collateral agreement and that the parties themselves put such construction upon the contract in practice. While it is true that the findings should have been more definite and specific to the effect that the sum of $988.50 had been laid out and expended by the cross-complainant for the cross-defendant, nevertheless following the stipulation of the parties as they do, we think the only just construction to put upon them is that this sum was also laid out for cross-defendant's benefit and as thus read the findings clearly support the judgment.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.