[Civ. No. 904. Fourth Appellate District—July 22, 1932.]

ABEL DE BRITO et al., Appellants, v. SAN DIEGO PACKING COMPANY (a Corporation), Respondent.

William H. Wylie and H. P. L. Beck for Appellants.

James G. Pfanstiel for Respondent.

THOMPSON (V. N.), J., *pro tem.*—This action was brought by plaintiffs and appellants against defendant and respondent for the purpose of recovering the amounts of certain payments totaling $4,067.21 claimed by them to have been made only as "deposits" upon the total purchase price of $12,000, in pursuance of the terms of a written contract for the purchase of a certain fishing boat named "Shina No. 2". Upon the execution of the contract, July 21, 1928, possession of the boat was delivered to appellants. The complaint in effect purports to set forth a rescission of the contract, and a right to recover the amounts of said payments on that ground, and also upon the ground that respondent wrongfully retook said boat and resold it at a time when appellants were not in default under the terms of the contract; that by reason thereof appellants were entitled to a return of the money paid by them, together with interest thereon from November 1, 1928, at the rate of seven per cent per annum. A copy of the contract is attached to the complaint, referred to and marked exhibit "A".

Title to the boat remained in the respondent until the full sum of $12,000 was " . . . deposited with it as and for the purchase price".

Respondent in its answer admits the making of the contract, as well as the making of the initial payment of $3,000 by appellants upon the execution of the contract, the delivery of possession of the boat to appellants and further credits amounting to $1,067.21 made upon the purchase price. Respondent contends that all the payments which were made were actually payments upon the purchase price, rather than simply "deposits", as contended by appellants. This contention is brought about between the parties because of the peculiar phraseology used in the

written contract, referring to the payments as "deposits" to be applied upon the purchase price.

Respondent also contends that appellants, after using the fishing boat commercially for approximately six months, returned it to respondent's wharf in San Diego Bay and there abandoned it in a dilapidated condition, with bills and maritime liens against it, without having paid current and past due taxes and insurance upon it as required by the contract, necessitating respondent, for its own protection, retaking possession of the boat, having it repaired, paying the costs thereof, as well as bills, liens and insurance standing against it; that such abandonment constituted a repudiation of the contract, entitling respondent to resell the boat to third persons, which it did in July, 1929. Respondent further sets up a counterclaim to recover from appellants interest on the deferred portion of the contract price as provided in the contract, moneys expended by it as above outlined, and also a claim for the reasonable value of the use of the boat for the period during which it was used by appellants.

The case was tried by the court without a jury; findings were made generally supporting respondent's contentions and claims, and conclusions of law were made in part as follows: " . . . that the equity of the defendant's counter claim is equal to any equity the plaintiffs may have in said boat; that defendant take nothing by its counter claim; that defendant have judgment against said plaintiff for its costs of suit herein". Judgment was entered accordingly, from which plaintiffs and appellants take this appeal.

The evidence which was produced before the trial court is summarized in the transcript on appeal under the title "Plaintiffs' bill of exceptions". Following which appears: "Specifications of Error". "Said plaintiffs specifically except to the following facts found by the court and the conclusions drawn therefrom:" Then follow thirteen separate paragraphs, each setting forth in substance particular findings which were made by the trial court.

Respondent in its reply brief points out that appellants' entire "specifications of error" make no statement that the facts found by the court are excepted to on the ground of insufficiency of the evidence to support such findings, and interposes an objection to a review of the evidence upon

this appeal for that reason. A reading of the several paragraphs mentioned discloses that each refers to the finding of the trial court in substance alone, and does not refer to the matter of insufficiency of the evidence to support such finding. The bill of exceptions not only fails to specify that the evidence is insufficient to support the findings, but it also fails to state the particulars wherein the evidence is insufficient as is required by section 648 of the Code of Civil Procedure.

The point raised by respondent is presented especially by the parties by leave of this court. Appellants cite the cases of *Tannahill* v. *Greening*, 85 Cal. App. 714, 716 [259 Pac. 1017], and *Mazuran* v. *Stefanich*, 95 Cal. App. 327, 330 [272 Pac. 772, 773], in support of their contention that the specifications of error assigned by them are sufficiently set forth. In the first case cited, findings to which exceptions were taken were referred to by number only, after grounds of exception had been stated, " . . . insufficiency of the evidence to warrant the finding". The question involved in that case concerned only the matter of a sufficient identification of the finding excepted to. It was held there that reference in the exceptions to the findings by number was sufficient. If only the matter of identification of the finding to which exceptions are taken was to be considered, the decision in the case of *Tannahill* v. *Greening, supra*, would sustain appellants' position in this respect. In the case of *Mezuran* v. *Stefanich, supra*, the only specification of error which was set out in the bill of exceptions was "That the evidence is insufficient to justify the decision of the court rendered in this action," which was held to be too general to meet the requirements of the statute.

The Supreme Court of California, in the case of *Regoli* v. *Stevenson*, 179 Cal. 257, 258 [176 Pac. 158, 159], has stated the rule upon this point very definitely in the following language:

"The bill of exceptions wholly fails to specify the particulars wherein the evidence is insufficient to support such findings; nor, indeed, are any errors specified therein. In the absence of such specifications of the particulars wherein the evidence is insufficient to support the findings, the question cannot be raised on appeal. (Citing cases.)"

There are many decisions in other jurisdictions also which seem to be fully applicable to the instant case, some of which are based upon the requirements of statutes similar to our own, and some of which are based upon requirements of court rules. The decisions cited by respondent, all being by the Supreme Court of the state of Utah, pass upon the form of the exceptions substantially as they are set forth in the case at bar, where the exceptions refer only to particular findings, without any statement as to the grounds upon which such exceptions are taken or based. In each of these cases the findings to which exception were taken were referred to only by number, while in the case at bar the substance of each finding is set forth. In the Utah cases referred to the insufficiency of the statements of specifications was held because of the failure of the statements to include matters required by the rules of the Supreme Court of Utah, i. e., a statement of grounds upon which the exceptions were taken. In the instant case we have a definite statute, mandatory in its terms, as to what shall be stated in the exceptions. These requirements are necessary not only in a strict legal sense, but also because of the actual necessity of the court and respondent having before it an exact statement of the matters excepted to, the grounds or reasons for such exceptions and the particulars in which it is claimed that the findings or judgment of the trial court are not justified.

Appellants in their opening brief discuss the evidence taken before the trial court, and urge questions of both law and fact in connection with their appeal. Thus, we have before us a concrete example of the specifications of error by appellants not stating grounds or reasons why findings excepted to are not sufficient, when from reading appellants' opening brief it is apparent that questions of both law and fact probably are involved, or should be involved, in this appeal.

As to the propriety of this court considering the appeal further, the rule is definitely stated in the case of *Regoli* v. *Stevenson, supra,* and also in 3 C. J. 1357, 1359, wherein the following language appears:

"It not only follows from the very nature of assignments or specifications of error, but also it is expressly required by most of the statutes or rules of court, that an assignment or specification of errors or reasons of appeal must

both directly and clearly allege error or errors of the trial court, and point definitely and specifically, and substantially in form, if any, prescribed by the statute or rule, the particular error or errors relied upon, and as a general rule an assignment of errors not complying with this rule will not be considered by the appellate court.''

Many cases are therein cited from various jurisdictions in support of this rule, and also cases referred to in which assignments or specifications of error have been held to be insufficient to warrant an appellate court in reviewing the matters relied upon, some of which are very similar in principle to the case at bar.

For the reasons stated, this court will not consider the matters attempted to be urged upon this appeal.

The judgment is affirmed.

Barnard, P. J., concurred.

MARKS, J., Concurring.—I concur. It is evident from a reading of appellants' brief that the principal ground upon which they rely for a reversal of the judgment is that a number of the findings made by the trial court are either not supported by the evidence or are contrary to it.

The record on appeal is quite brief and I have examined the evidence set forth in the bill of exceptions. It seems clear to me that the findings of which appellants complain in their brief are amply supported by the record. Some of the questioned findings are supported by such a preponderance of the evidence that it might almost be said that there is no evidence to the contrary. Other of the findings are based upon conflicting evidence, but there is substantial material evidence in the record to support them. The balance of the findings of which appellants complain are supported by strong inferences reasonably drawn from competent and material evidence.

On appeal all conflicts in the evidence must be resolved in favor of the judgment and all reasonable inferences from the evidence must be drawn in its support. (*Witherow* v. *United American Ins. Co.*, 101 Cal. App. 334 [281 Pac. 668].) In my opinion, if the case were considered on its merits the judgment would be affirmed.

THE COURT.—Because of an apparent lack of knowledge or misunderstanding of the records of this court on the part of counsel for appellants as shown in their petition for rehearing, we deem it advisable to call attention to the following:

This cause was placed on the calendar for oral argument on June 14, 1932. There were present on the bench at that time Mr. Presiding Justice Barnard, Mr. Justice Jennings and Mr. Justice *pro tempore* Scovel. The minutes of the court show that before the calling of the calendar the following occurred: "Presiding Justice Barnard announced that unless objection was offered, it would be deemed as stipulated that Justice Marks and any justice *pro tem.*, may participate in the decision of any cause on this calendar."

The minutes of that day contain the following concerning this case: "4 Civil No. 904, De Brito, et al vs San Diego Packing Co. Hearing on merits. Wm. H. Wylie, Esq., appeared for appellants and was granted leave to file reply memorandum. Jas. G. Pfanstiel, Esq., appeared for respondent and was granted 5 days to reply thereto. Cause then to be submitted." The cause was not orally argued, and no objection was made to the presumed stipulation as announced by the presiding justice.

The cause was submitted on July 11, 1932, at which time Mr. Justice *pro tempore* V. N. Thompson was sitting on this court under assignment of the Judicial Council of California.

The petition for rehearing is denied.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 19, 1932, and the following opinion then rendered thereon:

PRESTON, J.—I concur in the denial of the foregoing petition because on the merits the judgment should be affirmed.

I disapprove the holding of the majority opinion of the District Court of Appeal that the specifications of error are insufficient. Moreover, the attorney for respondent specifically approved them and this too should foreclose the opposite position.