[L. A. No. 3344.    Department One.—December 3, 1914.]

IDA M. SHERWIN, Executrix of the Will of B. E. Sherwin, Deceased, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

ACTION FOR PERSONAL INJURIES—DEATH OF PLAINTIFF AFTER JUDGMENT —ABATEMENT OF ACTION.—An action to recover damages for personal injuries does not abate by reason of the death of the plaintiff after a judgment in his favor and while a motion for a new trial is pending, although the motion is granted and a new trial ordered.

ID.—GRANTING OF NEW TRIAL—EFFECT ON JUDGMENT.—A right of appeal exists from an order granting a new trial, and if upon such appeal the order is reversed, the judgment will remain or be restored to its original condition as if the order vacating it had not been made.    The order, in such case, is vacated and the original judgment stands.    An order granting a new trial does not absolutely vacate the judgment; it is absolutely vacated only when such an order becomes a finality.

ID.—ORDER GRANTING NEW TRIAL—REVERSAL ON APPEAL—EFFECT UPON JUDGMENT.—During the time within which an appeal may be taken from such an order, and while the appeal therefrom, if taken, is pending, the order is subject to the condition that if it is reversed its effect to vacate the judgment will be annulled, and the judgment will then stand as if no order granting a new trial had been made, or as if the motion had been denied and such denial had become final or had been affirmed on appeal.

ID.—EXAMINATION OF JURORS—FALSE ANSWERS ON VOIR DIRE—TIME OF DISCOVERY OF MISCONDUCT—SUFFICIENCY OF AFFIDAVITS ON MOTION FOR NEW TRIAL.—An order granting a new trial on the ground

that one of the jurors gave untrue answers to questions asked him on his *voir dire* as to whether he had ever had any suits against the defendant railroad company, is erroneous, if the affidavits in support of the motion merely show that the attorneys for the defendant were not aware of the falsity at the time the impanelment of the jury was completed, but fail to show that they did not discover such facts afterward during the trial and before the rendition of the verdict.

ID.—MISCONDUCT OF JUROR—AFFIRMATIVE SHOWING AS TO TIME OF DIS-COVERY.—Where misconduct or irregularity of this character is relied on as a ground for a new trial, the affidavits of the moving party must show affirmatively that both he and his counsel were ignorant of the facts constituting the misconduct or irregularity charged until the rendition of the verdict.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.    N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Grant Jackson, Wm. L. Jarrott, and J. S. Jarrott, for Appellant.

J. W. McKinley, Frank Karr, R. C. Gortner, Henry T. Gage, W. I. Foley, W. I. Gilbert, and W. W. Webster, for Respondent.

SHAW, J.—The appeal is from an order granting the defendant's motion for a new trial.

The action was begun by the decedent, B. E. Sherwin, in his lifetime, to recover damages caused by bodily injuries received by him through the negligence of the defendant. There was a trial, resulting in a verdict and judgment in his favor. Proceedings for a new trial were immediately instituted by the defendant, but before the hearing of its motion the plaintiff died and the present plaintiff, his executrix, was substituted as plaintiff. Thereafter the court below granted the motion and ordered a new trial. There was no appeal from the judgment.

The respondent makes the preliminary objection that the action abated upon the death of the original plaintiff. The objection is based on the theory that the granting of the new trial vacates the judgment and upon the familiar rule that a right of action for damages for personal injuries to the

plaintiff caused by negligence of the defendant does not survive the death of the plaintiff. It is contended that the order granting a new trial sets the matter again at large without a judgment, to as full extent as if there had been no judgment. We think the objection is untenable. It is well settled that the death of the plaintiff in such an action, after a judgment in his favor, and while the judgment stands, does not abate the action or affect the validity of the judgment. Such judgment becomes a part of his estate and may be enforced by his representatives. Accordingly, it has been held that the death of the plaintiff after such judgment and while a motion for a new trial is pending, or during the pendency of an appeal by the defendant from an order denying a new trial, does not abate the action, and that in such a case the judgment stands until it is vacated on the appeal, and that if the order is affirmed, the original judgment is good. (*Fowden* v. *Pacific C. S. Co.*, 149 Cal. 154, [86 Pac. 178].) The question of the effect of an order granting a new trial, in such a case, when the death occurs after the judgment and either before or after the granting of the new trial has not been heretofore presented to this court, so far as we are advised.

But the right of appeal from the order is given and we think the conclusion is inevitable that if, upon such appeal, the order is reversed, the judgment will remain or be restored to its original condition as if the order vacating it had not been made. The order, in such a case, is vacated and the original judgment stands. An order granting a new trial does not absolutely vacate the judgment; it is absolutely vacated only when such an order becomes a finality. (*Puckhaber* v. *Henry*, 147 Cal. 425, [81 Pac. 1105].) In *Pierce* v. *Birkholm*, 110 Cal. 672, [43 Pac. 205], speaking of an order granting a new trial, the court said: ''While its ultimate effect if unappealed from, or if sustained upon appeal where one is taken, is to vacate the judgment and require another trial of the action, such result does not follow until the finality of the order is determined in one or the other modes suggested. In this respect it is not distinguishable from any other order or judgment from which an appeal is given. Pending an appeal therefrom it is set at large, and the rights of the parties stand unaffected thereby, excepting in so far as their prosecution may be stayed by vir-

tue of the provisions of the statute. . . . 'The reversal of an order granting a new trial leaves the verdict and judgment standing.' Hayne on New Trial and Appeal, sec. 229.'' (Rev. ed., sec. 3, p. 16.)    The effect of these principles is that during the time within which an appeal may be taken from such an order, and while the appeal therefrom, if taken, is pending, the order is subject to the condition that if it is reversed its effect to vacate the judgment will be annulled, and the judgment will then stand as if no order granting a new trial had been made, or as if the motion had been denied and such denial had become final or had been affirmed on appeal.    The appellant is therefore entitled to prosecute this appeal, in order to produce this result and restore the judgment to its original vigor if the appeal is successful.

The only matter urged as ground for a new trial occurred during the examination of the jurors upon the *voir dire*. One C. C. Horton was called and sworn to answer questions. After having been examined and passed by the plaintiff, the following colloquy occurred during his examination by the attorneys for the defendant: ''Q. Were you ever injured in a railroad accident? A. No, sir. Q. Any member of your family ever injured in a railroad accident? A. No, sir. Q. Never had any suits against the railroad company? A. No, sir.''    After some further questions on other subjects, he was accepted by both parties, sworn as a juror and sat in the trial of the cause.    The defendant exercised its four peremptory challenges upon other persons called to serve as jurors.

After the verdict the defendant asked for a new trial on the ground that Horton had given untrue answers to the last two of the aforesaid questions.    In support thereof affidavits were filed showing that at the time of the trial an action was pending in that court wherein Harold Johnson, a minor, by C. C. Horton, his guardian *ad litem*, was plaintiff and the Southern Pacific Company was defendant; that it was an action to recover damages for personal injuries to Johnson alleged to have been caused by the negligence of said defendant; that Johnson was the grandson of the wife of Horton; that the attorneys for the defendant who conducted the trial were ignorant of the fact that Horton was acting as the guardian *ad litem* of Johnson in said action or of his relation to Johnson, and did not discover the same until after

he was accepted as a juror in the cause, and that if they had been aware of said facts they would have challenged Horton for cause, as a juror, and, if necessary, would have excluded him from the jury by a peremptory challenge, and that they exhausted their peremptory challenges on other jurymen.

The affidavits in support of the motion for a new trial merely show that the attorneys conducting the trial for the defendant were not aware of the facts aforesaid at the time the impanelment of the jury was completed. They do not show that they did not discover said facts afterwards during the trial and before the rendition of the verdict. It may be conceded that the conduct of the juror Horton in giving a false answer to the questions put to him constituted misconduct or irregularity on his part sufficient to warrant the granting of a new trial therefor. (See Hayne on New Trial and Appeal, rev. ed., sec. 45.) But where misconduct or irregularity of this character is relied on as ground for new trial, the affidavits of the moving party must show affirmatively that both he and his counsel were ignorant of the facts constituting the misconduct or irregularity charged until the rendition of the verdict. (12 Ency. of Plead. & Prac., p. 558, and cases there cited. *State* v. *Barrington,* 198 Mo. 93, [95 S. W. 235].) If the defendant or its attorneys had discovered these facts at any time during the trial it would have been their duty, if they desired to take advantage thereof, to apply to the court for leave to reopen the examination of the jurors, elicit the facts, and thereupon offer a challenge to the juror guilty of the misconduct. In failing to show that they did not acquire such knowledge during the course of the trial after the jury was sworn, the defendant failed to present sufficient ground for a new trial for that cause. The order granting a new trial was therefore erroneous.

The order is reversed.

Sloss, J., concurred.

Angellotti, J., concurred in the judgment.