[Civ. No. 3151.   Second Appellate District, Division One.—April 29, 1920.]

UNIVERSAL FILM MANUFACTURING COMPANY (a Corporation), Respondent, v. J. WARREN KERRIGAN, Appellant.

[1] APPEAL—ACTION FOR DAMAGES—NEW TRIAL AS TO SINGLE ISSUE—ABSENCE OF APPEALABLE JUDGMENT.—In an action for damages for breach of contract to render personal services, where a motion for a new trial is granted and a new trial ordered as to the issue or issues presenting a question of the amount of damages suffered by the plaintiff, and as to all other issues the motion for a new trial is denied, nothing effective as a judgment remains in existence; and an attempted appeal "from the whole of the said judgment, except the part and portion thereof vacated by the order of the said court," etc., must be dismissed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Ray L. Chesebro and Edward Winterer for Appellant.

Loeb, Walker & Loeb for Respondent.

CONREY, P. J.—Action to recover damages for breach of contract to render personal services. Defendant denied that he entered into the alleged contract; also denied the alleged breach of contract, and denied that plaintiff was damaged thereby. There were further issues, including those presented by cross-complaint and the answer thereto. After entry of judgment against defendant for a stated amount, the defendant gave notice of intention to move the court "to vacate and set aside the decision and judgment" entered, and to grant a new trial of the action. That motion having been presented in due course, it was ordered that "said motion for a new trial herein is granted and a new trial is ordered as to issue or issues presenting the question of the amount of damages suffered by the plaintiff; as to all other issues the motion for a new trial is denied." Thereafter the defendant gave notice of appeal "from the whole of the said judgment, except the part and portion thereof vacated by the order of the said court in granting in part defendant's motion for a new trial, to wit," etc.

[1] Although the appeal has been presented by briefs arguing the case on its merits, the court is forced to take notice of the fact that there is no judgment, and, therefore, there can be no appeal therefrom. The order for retrial of the issue as to amount of damages necessarily set aside the judgment. This is an action at law, wherein the judgment is single and indivisible, for it consists of only the one order that the plaintiff recover from the defendant so much money. Taking out that recovery, nothing effective as a judgment remains in existence.

In arriving at this conclusion, we have not excluded from consideration those decisions by which it has been determined that an order granting a new trial does not absolutely vacate the judgment until the order has become final.

(*Sherwin* v. *Southern Pacific Co.*, 168 Cal. 722, [145 Pac. 92], and cases cited.) We also have in mind the amendments enacted in 1915, [Stats. 1915, pp. 209, 328], to certain sections of the Code of Civil Procedure, whereby the right of appeal from an order granting a new trial, in cases tried as was the case at bar, was taken away, and whereby it was provided that on appeal from the judgment the court may review any order on a motion for a new trial. (Secs. 956, 963, Code Civ. Proc.)

In this case the defendant has sought to accept the benefit of the order to the extent that it granted him a new trial of the issue as to damages. To that extent the order has become final, for any claim of right to have it reviewed—assuming that any such claim could be asserted by defendant—has been expressly excluded by the terms of the notice of appeal. But it is a necessary incident to the finality of the order, to the extent that it provided for a new trial, that the whole judgment was set aside, because the specified issue could not be tried after judgment and while the judgment remained in force.

It is true that certain findings of fact have been left undisturbed. When the issue selected for retrial has been tried, and findings thereon have been made, and a new judgment entered, the appeal, if any be taken, will come as an appeal from that judgment, and may include a review of the entire record.

The appeal is dismissed.

Shaw, J., and James, J., concurred.