[Civ. No. 5819.   Second Appellate District, Division One.—March 5, 1928.]

EDITH TERRY, Respondent, v. JOHANNA LESEM, Appellant.

J. L. Murphey, for Appellant.

Page, Nolan, Rohe & Hurt, Jerome O. Hughes and George W. Nilsson for Respondent.

CONREY, P. J.—The plaintiff, whose true name is Eva Sophia Lesem, is an unmarried woman and is a daughter of the defendant. "Edith Terry" is a name assumed by the plaintiff and is the name under which she acquired any interest she may have in the property involved in this action.

In her complaint plaintiff alleges that she is, and ever since January 8, 1923, has been the owner of lot nine of block eleven, in the Beverly Tract, in the county of Los Angeles, and that the defendants, without right, claim an interest or estate therein adversely to the plaintiff. As defendant Short disclaimed any interest adverse to plaintiff, we shall treat the case as if Mrs. Lesem were sole defendant. A second cause of action alleged that plaintiff made, but did not deliver, a deed of conveyance of said lot to the defendant; that the defendant, without plaintiff's knowledge or consent, took possession of said deed and caused the same to be recorded; that said deed, so wrongfully obtained, is a cloud upon plaintiff's title.

Upon issues presented by said complaint and appellant's answer thereto, and after an extended trial, the court made findings and entered its decree in favor of the plaintiff. The defendant Lesem appeals.

In the case of *Lesem* v. *Terry* (Civil No. 5818) *ante,* p. 674 [265 Pac. 520]. This present case (Civil No. 5819) is between the same parties, and relates to a different parcel of land. The case now before us was tried some time later than the case of *Lesem* v. *Terry.* While there were separate trials, a large part of the evidence in each case covered the same series of transactions and the same relations between the parties. Much of the testimony given at the earlier trial was read into the record in this case. The appeals were presented in a single oral argument, although the records and briefs are sepa-

rate. Counsel for appellant in his brief herein says: "The only real difference between the facts of that case and this one is that Mrs. Lesem in this case placed the deed that was made to her by her daughter on record, and that the daughter in the other case destroyed the deed to the other lot and said other deed was not recorded, although it was delivered."

In the other case (Civil No. 5818), the trial court found that the deed in question there was not delivered, and this court has affirmed that judgment. In each case the daughter, Miss Terry, claimed the land as a gift acquired from her mother. In each case the mother denied the gift and asserted ownership by reason of the alleged facts that she had purchased the land with her own money and that the daughter had wrongfully caused the title to be taken in her own name—that is, as Edith Terry. In each case the mother further claimed that after the title had been acquired in the name of Edith Terry, that grantee duly conveyed the property to her mother, Mrs. Lesem.

Since it is conceded, and no doubt is true, that the evidence is substantially alike in the two cases, in relation to the question of gift to Miss Terry, we think it sufficient to say here, that for the same reasons given in the other case, the evidence is sufficient to sustain the court's finding that the property in question here, when conveyed to Miss Terry was so conveyed at the instance of her mother and with the intention of making a gift thereof to the grantee.

On the subject of the alleged conveyances by Miss Terry to Mrs. Lesem, there is likewise a great deal of testimony given in the first case, that was brought into the record in the second case. This circumstance grew out of the fact that the deeds were drawn at one and the same time, and that Mrs. Lesem claimed that they were also delivered together, as part of one transaction. Some of the testimony quoted in our decision in the other case relates solely to the deed in question there, but some of it relates to both deeds. The interview between the parties, when Mrs. Lesem claims that the deeds were delivered to her, occurred on the twenty-sixth day of August, 1922. It is true that Miss Terry, in the course of her testimony, said that at that time she "delivered" the deeds to her mother. Afterward she testified that she did not "deliver" them, and that there was

no manual tradition of them from herself to her mother; that she, the witness, put them on the piano. "I told her I had been told that the deeds were not properly executed, not in due form. I had written mother's name as well as my own on the same line, and that either Miss Burza (the notary), had called it to my attention or I to hers, I didn't know just who had told me, and she said she would O. K. them, but on looking them over I had found she had written the initials 'O. K.' only in one,"—which was another lot. Witness said that she told her mother that "she could take the deed to the Foothill Drive lot which had been properly executed, owing to Miss Burza having written O. K. on it, and she did so." "Q. And did she take the deed which was before you, the instrument? A. I threw it under the shelf in the table in her room." At that time, and until the following February, the papers thrown under the table appear to have remained there, and during all of the time both parties continued living together in the same house. Then they were found by Mrs. Lesem, and she took them away, and caused the deed (the one in question here) to be recorded. At about the same time Mrs. Lesem moved to another house. The testimony of Miss Terry concerning the delivery of the deeds is contradicted by Mrs. Lesem in some particulars, but corroborated in others. Referring to the deeds, Mrs. Lesem said, "I didn't touch them"; that she did not look at the deeds at that time. "I left them there." Again: "When I wanted to put my hand to it, my daughter said, you can't take them yet. They are not right."

There are sundry inconsistencies and contradictions in the testimony of both of these witnesses. The trial court heard them, observed them, and weighed the evidence. The findings, which determine that the deed in question was not delivered, are sustained by amply sufficient, though not uncontradicted, evidence. This being so, the findings must be confirmed as made.

■ Prior to hearing on the motion for new trial, the court struck from the files the affidavits which had been served and filed by appellant. This order was based upon the ground that the affidavits had not been filed within the time allowed by law. Such affidavits must be filed and served within ten days after serving the notice of intention, or such further time as the court may allow, but not to ex-

ceed twenty days' additional time. (Code Civ. Proc., sec. 659; *W. P. Fuller & Co.* v. *McClure,* 48 Cal. App. 185, 194 [191 Pac. 1027].) In this case the notice of intention to move for new trial was served on March 18, 1925. The affidavits were not served until April 24, 1925. On March 23, 1925, the court made an order extending the time of appellant, to serve and file the affidavits, for "thirty days in addition to the time given by law." The excess time beyond twenty days' additional time was beyond the court's authority to grant. Since the affidavits were not served or filed until the lawful time therefor had expired, the court did not err in striking them from the files.

In rendering the decision of this court on appeal in *Lesem* v. *Terry, supra,* we were compelled to criticise the briefs of counsel for appellant, on account of language disrespectful to the trial court and to the judge who tried the case. The present action was tried by another judge, but he has not escaped an equally severe attack from the same pen. There are many sentences and phrases in appellant's briefs, which are disrespectful and scandalous. It would be a tedious task to segregate them all.

Such phrases as: "The court aided the ingrate daughter"; "the court, though biased in favor of the daughter"; "if there is any excuse to be made for the judge below it might be this, . . . "; "was this smothered and kept out of the findings"; "the bias of the judge"; "a wish to destroy the case of the mother"; these and others of like character run through these briefs. Charitable consideration for appellant, and that alone, prevents the court from striking these briefs from the files. The facts of the record, and the fair and courteous conduct of the judge, leave counsel without excuse.

The judgment is affirmed.

Houser, J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 3, 1928.

Preston, J., dissented.