[Civ. No. 1196. Fourth Appellate District.—November 8, 1935.]

JOSEPH L. LEWITH, Appellant, v. MAE REHMKE, Respondent.

Clifford C. Pease and John B. Molenaar for Appellant.

Gray, Cary, Ames & Driscoll for Respondent.

JENNINGS, J.—Plaintiff instituted this action to cancel a deed which he had executed whereby he conveyed certain real property to the defendant and also to quiet his title to said property. The complaint alleged that the defendant procured the deed from plaintiff at a time when she was acting as a fiduciary agent of plaintiff through the instrumentality of certain threats which she made to plaintiff who was then in a weakened mental condition and that no consideration was given by defendant for the deed. Trial of the action resulted in a judgment in defendant's favor and in the denial of a motion for a new trial and of a subsequent motion to vacate the judgment and reopen the case for the introduction of further evidence. From the judgment thus rendered and from the orders denying the aforesaid motions plaintiff prosecutes this appeal.

On this appeal which is presented through the medium of a bill of exceptions appellant sets out nine specifications of errors committed by the trial court which it is contended entitle him to a reversal of the judgment and orders.

The principal contention advanced in support of a reversal of the judgment is that the trial court's finding that the deed executed by appellant in which respondent was named as grantee is a valid deed of conveyance is entirely unsupported by the evidence and that the judgment in respondent's favor which is necessarily predicated upon this finding should therefore be reversed.

 It is our conclusion that no useful purpose would be served and that this opinion would be unduly lengthened by including herein a summary of the evidence which is contained in the bill of exceptions. Appellant contends, first, that the evidence showed that respondent occupied a position of trust and confidence with relation to appellant. The trial court found that from January 1, 1923, until February 25,

1929, the respondent on numerous occasions acted as a trusted agent and advisor in business matters for appellant, that she collected and handled sums of money for appellant, paid bills and expenses for him, and in her name held title to certain of his properties but that appellant did not, because of such agency or trust, rely and depend upon respondent as his confidant and advisor in all of his business dealings. Examination of the bill of exceptions indicates that the evidence supports the finding thus made and that no broader finding was warranted by the evidence adduced during the trial of the action.

The second contention urged by appellant is that a finding of the trial court that the deed was not executed by appellant as a result of threats and duress practiced upon him by respondent is lacking in evidentiary support. The threats upon which appellant relies consist of statements contained in numerous letters written by respondent to appellant during a period of several months prior to the execution of the deed. The statements refer to an action which was brought against appellant in Seattle, Washington, during the year 1928, for the purpose of canceling a 99-year lease of certain property in Seattle executed by appellant as lessor in December, 1927, on the ground of fraud and amount to a promise by respondent to assist appellant in the conduct of the suit and particularly to refrain from conveying to the plaintiff in said action certain information which would be beneficial to said plaintiff and detrimental to appellant provided appellant would execute the deed sought to be canceled by the instant action.

Appellant's contention with respect to the lack of evidentiary support of the trial court's finding that the deed was not executed as a result of threats and duress is not persuasive. In the first place, section 1689 of the Civil Code provides that a party to a contract whose consent thereto was obtained through menace or fraud is entitled to rescind the contract. Section 1567 of the same code provides that apparent consent is not free when it has been obtained through duress or menace. The term "duress" is defined in section 1569 of the code and the term "menace" in section 1570. The former of these sections provides that duress consists of unlawful confinement, unlawful detention of property, confinement, lawful in form, but fraudulently obtained,

of certain designated persons. Section 1570 provides that menace consists in a threat, first, of such duress as is specified in subdivisions one and three of·the preceding section, second, of unlawful and violent injury to person or property, or, third, of injury to character. The statements of respondent upon which appellant relies do not at all fit the definition of menace declared in section 1570 and it may not successfully be urged that uncontradicted evidence showed that the execution of the deed was accompanied by duress practiced upon appellant. If the written statements may properly be designated as threats they amounted to no more than threats to assist appellant's opponent in the Washington suit by conveying to such opponent certain information allegedly detrimental to appellant. Viewed as such they did not fulfill the statutory definition of menace which might have justified the trial court in canceling appellant's deed on the ground that his apparent consent to its execution had been obtained through menace and was not therefore free and voluntary.

Furthermore, when the threats are considered in the light of all the evidence bearing upon them, the following situation is disclosed: At the time appellant executed the contract leasing the Seattle property for a term of 99 years, he represented to the lessee that the property which consisted of an apartment house was then producing an income of $1265 per month. This representation was untrue and known by appellant to be false. At this time respondent was operating the apartment house for appellant. To lend credibility to his representation he persuaded respondent to continue her operation of the apartment house as sublessee and to pay to the lessee the amount which he had represented was the monthly rental value of the property. To enable her to do this he provided respondent with sufficient funds to make up the difference between the represented monthly rental and the actual receipts obtained from the leasing of the various apartments contained in the building. This arrangement continued for several months until respondent left the place. It is apparent therefore that when respondent on various occasions threatened that she would convey information to the plaintiff in the Washington action, she referred to the above-described arrangement. Under these circumstances the court was justified in refusing the equitable remedy of cancellation to appellant. Since the threats had reference to a clearly fraudu-

lent transaction in which both parties had participated, the basis for relief was tainted with fraud and a court of equity should leave them in the position in which they had placed themselves. Good conscience is a fundamental requisite of equitable interposition and, as declared by a learned student of equity jurisprudence, "any really unconscientious conduct, connected with the controversy to which he is a party, will repel him from the forum whose very foundation is good conscience". (Pomeroy's Equity Jurisprudence, 3d ed., vol. 1, sec. 404; *Allstead* v. *Laumeister,* 16 Cal. App. 59, 65 [116 Pac. 296].)

Appellant's third contention advanced in support of his attack upon the trial court's finding that the deed sought to be canceled is a valid instrument of conveyance is that the evidence was insufficient to support a finding that respondent had given consideration for the deed. It was conceded that respondent had paid no money to appellant in return for the execution of the deed. Appellant, however, admitted that respondent had cared for his mentally infirm wife for a period of approximately four years. It also appeared that respondent had performed numerous menial tasks for appellant during a period of years and that she had given much of her time and energy to serving appellant for a period of approximately eight years. Appellant testified that he had expended a considerable sum of money for the purchase of clothing for respondent and had provided her and her children with groceries. The question of whether or not there was any consideration for the deed was a pure question of fact which the trial court decided in respondent's favor on evidence that, at best, was conflicting. The finding that there was consideration for the deed may not therefore be disturbed.

Appellant's fourth contention, which is likewise advanced in attacking the trial court's finding that the deed is valid, is that an incidental finding negativing a condition of mental incompetency in appellant at the time the deed was executed is lacking in evidentiary support. Examination of the evidence which was produced *pro* and *con* as to this feature of the case as the same is reflected in the bill of exceptions fails to sustain appellant's contention in this regard. It is true that a number of witnesses, among whom were certain medical men, testified that, in their opinion, appellant was not competent to transact business at the time the deed

was executed. Opposed to this evidence witnesses who were produced by respondent testified that, in their opinion, appellant was then competent. One of such witnesses was a physician in San Diego, who testified that the appellant called upon him on February 22, and February 25, 1929, that he conversed with appellant on these two occasions and propounded various questions to appellant and that from the answers returned to such questions and from the conversations which occurred on the above-mentioned dates, the witness considered that appellant was then mentally competent. It should be observed that the first of the two above-mentioned visits apparently occurred on the day following delivery of the deed. Here again it is apparent that the evidence with respect to appellant's mental competency at the time the deed was executed was conflicting. The established rule which precludes a reviewing court from disturbing a finding based on conflicting evidence is therefore applicable.

The foregoing contentions of appellant relate to the ninth specification of error set out in the bill of exceptions which is stated as follows: ''Specification of the insufficiency of the evidence to support the judgment.'' The specification is most general in its terms and contains nothing more than a repetition of appellant's claim that the evidence is insufficient to support various broadly specified findings of the trial court without reciting the particulars in which it is contended the evidence is insufficient to sustain the criticized findings. In our opinion the above-mentioned specification of error is not correctly framed and might properly have been disregarded on this appeal. (Sec. 648, Code Civ. Proc.; *Crow* v. *Crow*, 168 Cal. 607, 611 [143 Pac. 689]; *Cameron* v. *Ah Quong*, 175 Cal. 377, 386 [165 Pac. 961]; *Regoli* v. *Stevenson*, 179 Cal. 257 [176 Pac. 158]; *Mills* v. *Brady*, 185 Cal. 317, 320 [196 Pac. 776]; *Hastaran* v. *Marchand*, 23 Cal. App. 126 [137 Pac. 297]; *Mazuran* v. *Stefanich*, 95 Cal. App. 327, 330 [272 Pac. 772]; *De Brito* v. *San Diego Packing Co.*, 125 Cal. App. 61 [13 Pac. (2d) 798, 14 Pac. (2d) 305].) Nevertheless, because of appellant's insistence that various findings of the trial court are entirely lacking in evidentiary support, the entire transcript has been read and examined with the result that we are impelled to the conclusion that the claim of evidentiary insufficiency is untenable.

■ Specifications of error numbered 1 to 7, inclusive, relate to various rulings of the trial court sustaining and overruling objections to specified questions that were propounded to respondent as a witness during the trial of the action. It is our opinion that, if it be assumed, for the sake of argument, that the various rulings to which exception has been thus taken were erroneous, they were nevertheless harmless. Examination of the entire record is productive of the conclusion that no miscarriage of justice has resulted by reason of the rulings. (Sec. 4½, art. VI, Constitution of California.)

■ Appellant's eighth specification of error is that the trial court erred in denying his motion to vacate the judgment and to reopen the case for the purpose of receiving additional evidence and in striking from the files of the action an affidavit of appellant presented in support of the motion. The reason for the court's ruling to which exception is thus taken was that the affidavit was not filed within the time provided by the Code of Civil Procedure for the filing of such a document.

With respect to this specification the record shows that judgment was entered on December 22, 1930, and notice of entry of the judgment was given on December 27, 1930. On January 3, 1931, appellant filed notice of intention to move for a new trial. On February 20, 1931, appellant gave notice that on February 25, 1931, he would move the court to vacate the judgment and to reopen the cause for the purpose of permitting the introduction of additional evidence which was set forth in an affidavit of appellant attached to the notice and by reference made a part thereof. This notice specified that the motion for vacation of the judgment would be made under and by virtue of the provisions of section 662 of the Code of Civil Procedure and that the basis therefor would be the affidavit of appellant which was attached to the notice. The notice with the attached affidavit was filed on February 20, 1935. On February 25, 1935, the motion for a new trial and the motion for vacation of the judgment were presented to the court and were argued by counsel for the respective parties. Counsel for respondent objected to any consideration being given to appellant's affidavit on the ground that it was not filed within the time permitted by the code and moved that the affidavit be stricken from the files of the action.

The objection was sustained and the court denied both the motion for a new trial and the motion for vacation of the judgment.

As above stated, the notice of motion for vacation of the judgment and for reopening the cause to permit the introduction of additional evidence specified that the motion would be made under the provisions of section 662 of the Code of Civil Procedure. This section provides that in ruling on a motion for a new trial in an action tried without a jury, the court may vacate the judgment and grant a new trial on all or part of the issues, or, in lieu of granting a new trial, may vacate the findings and judgment and reopen the case for further proceedings and the introduction of additional evidence. It is obvious that this section refers solely to a motion for a new trial and that it enlarges to a very appreciable degree the court's power in ruling upon such a motion. If, therefore, the motion for vacation of the judgment and for reopening of the cause be considered as amounting to a motion for a new trial of which appellant had theretofore given notice of intention, the time within which affidavits in support of the motion might be filed is clearly stated in section 659a of the Code of Civil Procedure. This section provides that within ten days after serving a notice of intention to move for a new trial the moving party shall serve upon all other parties and file any affidavits intended to be used upon such motion. As above mentioned appellant's notice of intention to move for a new trial was filed on January 3, 1931, and the affidavit was not filed until February 20, 1931. It is therefore apparent that the affidavit was filed too late and that the trial court would not have been justified in considering it. (*W. P. Fuller & Co.* v. *McClure,* 48 Cal. App. 185, 194 [191 Pac. 1027]; *Terry* v. *Lesem,* 89 Cal. App. 682 [265 Pac. 523]; *Morris* v. *Purity Sausage Co.,* 1 Cal. App. (2d) 120 [36 Pac. (2d) 126].)

We do not understand that it is contended that the motion for vacation of the judgment and for reopening the cause for the purpose of introducing additional evidence was presented pursuant to section 663 of the Code of Civil Procedure which, under certain conditions, permits the vacation of a judgment on motion of the aggrieved party. In the first place the notice of motion stated that the motion would be made in accordance with the provisions of section 662 of the Code of

Civil Procedure. In the second place, it is evident that section 663 was not applicable since the notice specified that the sole purpose of having the judgment vacated and the cause reopened was to procure the introduction of additional evidence, "to wit: the evidence set forth in plaintiff's affidavit referred to herein". It was not urged on the hearing of the motion nor is it contended on this appeal that the conclusions of law are inconsistent with the findings or that they lack the support of the findings which would justify a motion for vacation of the judgment under section 663. Finally, even if it could be assumed that the attempt was made to present the motion pursuant to section 663 appellant would be in no better situation than he occupies when the motion is considered as having been made pursuant to section 662. Section 663a of the Code of Civil Procedure requires that a party intending to make the motion mentioned in section 663 shall, within ten days after notice of the entry of judgment, serve upon the adverse party and file with the clerk of the court a notice of his intention. As above indicated, notice of entry of judgment was given on December 27, 1930, and the notice of motion for vacation of the judgment was not filed until February 20, 1931. The notice was therefore filed too late to comply with the mandatory requirements of section 663a and the motion could, in no event, have been considered as a motion presented in accordance with the provisions of section 663 of the Code of Civil Procedure. It is our conclusion, therefore, that the motion for vacation of the judgment was supplementary to the motion for a new trial and that the trial court did not err in sustaining respondent's objection to any consideration being given to appellant's affidavit and in striking the same from the files of the action.

The attempted appeal from the order denying a new trial is dismissed since the order is not one from which an appeal is permitted. (Sec. 963, Code Civ. Proc.) It is our opinion that the trial court's order denying the motion for vacation of the judgment presented under the provisions of section 662 of the Code of Civil Procedure is likewise not an appealable order.

The attempted appeal from the orders to which reference has heretofore been made is therefore dismissed. The judgment from which the appeal has been perfected is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 6, 1936.