[Civ. No. 18013.   First Dist., Div. Two.   Mar. 5, 1959.]

JOHN CRESPO, Respondent, v. WALLACE H. COOK et al., Defendants; KAISER FOUNDATION HOSPITAL (a Corporation), Appellant.

Lamb & Hoge for Appellant.

Fitz-Gerald Ames, Sr., for Respondent.

DRAPER, J.—Jury verdict in this malpractice action was for defendant. Plaintiff's motion for new trial was granted solely on the grounds of irregularity in the proceedings of the jury and misconduct of the jury. (Code Civ. Proc., § 657, subds. 1 and 2.) Defendant appeals from this order.

The claim of misconduct and irregularity is based wholly upon the actions of juror Myra Lewis. On *voir dire*, she testified that she had been a registered nurse most of her life, but that for the "last year or two" she had been a building manager. She was not asked what type of building she managed. She was asked in some detail whether her acquaintance with doctors, and the fact that she had worked with them, would give rise to any bias or prejudice in their favor, and answered that it would not.

Plaintiff's motion for new trial was supported by three affidavits. Attorney Madden deposed that he appeared at the request of plaintiff's attorney "to take in the verdict" and that "just before the jury came in" defendant's attorney told him that juror Lewis was in fact the manager of a medical office building. The affidavit of plaintiff's Attorney Ames states that, upon receiving this report from Madden, he investigated. He found that Miss Lewis is manager of a building devoted to medical offices. It is owned by five doctors, and has 13 doctor tenants. One of defendant's two medical witnesses "is a friend of" one doctor owner and one doctor tenant of this building "through his status as an alumnus" of the same medical school which owner and tenant attended. Both of defendant's medical experts are "acquainted with and friends of" all the tenants of this building "by virtue of their medical staff membership" at Peralta Hospital.

The jury retired at 11:30 a.m. and returned its verdict at midnight. The affidavit of the foreman of the jury, Paul A. Leininger, states that for nine of its 15 ballots, the jury stood 8 to 4 for plaintiff, for three ballots was 6 to 6, and finally

reached a defense verdict by a 9 to 3 vote. The only allegation referring to Miss Lewis was the following:

"That one of the trial jurors, Miss Myra E. Lewis, Juror No. 8, revealed to the other jurors the fact that she had called a doctor friend of hers and asked him a hypothetical question involving a hypothetical doctor and a hypothetical set of facts and that she was informed that the doctor cited in the hypothetical question would not be liable; said Juror Myra E. Lewis was a very domineering factor throughout the discussions in the jury room from almost the very inception of argument to the time of the final verdict; that I was one of the three jurors who voted against the verdict that was rendered in favor of the defendant."

For all its obvious weaknesses, it is apparent that the affidavit of Leininger is essential to show misconduct of the jury or irregularity in its proceedings. �emph■ But the general rule is that the affidavits of jurors cannot be used to impeach their verdict. (*Kollert* v. *Cundiff*, 50 Cal.2d 768, 772 [329 P.2d 897].) The only exception created by statute provides that assent to a verdict "by a resort to the determination of chance" may be proven by jurors' affidavits. (Code Civ. Proc., § 657, subd. 2.) Judicial decisions recognize another exception, that such affidavits may be used to set aside a verdict where the bias or disqualification of a juror was concealed by false answers on *voir dire* examination. (*People* v. *Castaldia,* 51 Cal.2d 569, 572 [335 P.2d 104]; *Kollert* v. *Cundiff, supra,* p. 773.) ■ Although occurrences during the trial and the deliberation of the jury may tend to prove the existence of prejudice (*Estate of Mesner,* 77 Cal.App.2d 667, 676 [176 P.2d 70]), the bias essential to permit proof by a juror's affidavit must exist at time of *voir dire,* and must have been concealed on that examination (*Pollind* v. *Polich,* 78 Cal.App.2d 87, 92 [177 P.2d 63]; *Williams* v. *Bridges,* 140 Cal.App. 537 [35 P.2d 407]). The only evidence that evidence was taken out of court is the affidavit of foreman Leininger, and that affidavit can be received only if it shows such bias and concealment.

Here the showing of bias or its concealment is at best tenuous. Miss Lewis fully revealed her wide acquaintance with doctors. She was not asked about the type of building she managed. No relationship of any owner or tenant of that building to a party is shown, but at most a friendly acquaintance of owners and tenants with experts called by the defense. As to actual bias, there is no showing that her claimed

telephone call to "a doctor" was designed to elicit an answer favoring one party, nor that the "hypothetical case" stated related to the facts of the case at bar. There is no showing that Miss Lewis was one of the nine jurors who voted for a defense verdict. In view of this weak showing, we might incline to reverse the order despite the broad discretion granted to the trial court in determining the facts on such a motion. (*Abercrombie* v. *Thomsen*, 59 Cal.App.2d 331, 335-357 [138 P.2d 701].) ■ However, that issue is not determinative, since the order granting the new trial lacks the required support in another particular.

■ The rule is clear that a party moving for new trial upon the ground here urged must show affirmatively that neither he nor his counsel knew of the facts constituting the claimed misconduct before rendition of the verdict. (*Forman* v. *Alexander's Markets*, 138 Cal.App.2d 671, 674-675 [292 P.2d 257]; *Sherwin* v. *Southern Pac. Co.*, 168 Cal. 722, 726 [145 P. 92].) ■ Here no affidavit whatever was filed by plaintiff in the trial court. The affidavit of plaintiff's attorney is somewhat weakened by the affidavit of Attorney Madden, who was associated of record with plaintiff's counsel after the jury's deliberation began. His affidavit shows that defense counsel told him of Miss Lewis' employment before the jury returned its verdict.

■ Plaintiff, however, seeks to remedy this defect by application to this court to take evidence (Code Civ. Proc., § 956a) in the form of affidavits by plaintiff and his attorney that neither had any knowledge of the alleged concealment or misconduct before return of the verdict. This novel effort must fail. Motions for new trial upon the grounds here urged must be made on affidavits. (Code Civ. Proc., § 658.) The code specifies the time within which such affidavits must be filed, and specifically limits extension of such time to 20 days. (Code Civ. Proc., § 659a.) Affidavits filed in the trial court after the limited time are not to be considered. (*Sitkei* v. *Frimel*, 85 Cal.App.2d 335, 338-339 [192 P.2d 820]; *Lewith* v. *Rehmke*, 10 Cal.App.2d 97, 105 [51 P.2d 476]; *Terry* v. *Lesem*, 89 Cal.App. 682, 685-686 [265 P. 523]; *Morris* v. *Purity Sausage Co.*, 1 Cal.App.2d 120 [36 P.2d 126].) Whatever might be our authority to consider such affidavits filed in this court within the time prescribed by the code, we clearly cannot act upon proofs made 17 months after expiration of the time to file such affidavits.

Motion for leave to introduce evidence in this court denied. Order reversed.

Dooling, J., concurred.

KAUFMAN, P. J.—I concur. It is my view that the record does not disclose irregularities in the proceedings of the jury or any misconduct of the jury. A motion for new trial was granted on these two grounds. The trial court in granting this motion was guilty of an abuse of discretion, for there is no legal authority for the granting of the motion on these grounds in the face of the record before us. (*George* v. *City of Los Angeles,* 51 Cal.App.2d 311 [124 P.2d 872] ; *Kollert* v. *Cundiff,* 50 Cal.2d 768 [329 P.2d 897].)

Here, the record discloses that no false answers were given on *voir dire*. Likewise, the record does not disclose that the verdict was arrived at by chance. Affidavits of jurors cannot be used to impeach their verdict. The only statutory exception to this rule is where the verdict was arrived at by resort to the determination of chance. Judicial decisions recognize one other exception, to wit, that such affidavits may be used to set aside a verdict where the bias or disqualification of a juror was concealed by false answers on *voir dire* examination. This case comes within neither of these exceptions.