[Civ. No. 19814. First Dist., Div. One. Jan. 9, 1963.]

EUNICE MARKAWAY, Plaintiff and Appellant, v. THOMAS B. KEESLING, Defendant and Respondent.

Johnson, Thorne, Speed & Bamford and John Thorne for Plaintiff and Appellant.

John P. Whitney and James M. Barrett for Defendant and Respondent.

MOLINARI, J.—The plaintiff appeals from a judgment in favor of the defendant in a personal injury action tried by a jury. The jury also returned a verdict against the defendant on his cross-complaint.

### Question Presented

The sole question presented is whether the jury was guilty of misconduct which would warrant the impeachment of its verdict.

### The Record

This appeal is presented upon the clerk's transcript. The basis of the appeal turns upon an affidavit by counsel for the plaintiff, the substance of which is as follows: That during the deliberations of the jury he had occasion to talk with a young lady who identified herself as the daughter of one of the jurors; that said young lady stated to him that on the previous night her father had told her that in view of the evidence in the case it would not take the jury very long to

reach a decision and that he expected the jury to reach a decision within 15 minutes; that this conversation between said father and daughter took place prior to the court's instructions to the jury and the cause being submitted to the jury for its deliberations; that after the jury returned its verdict in the case the affiant talked to the said juror and advised him of the daughter's statement; that at said time the juror told the affiant that he had stated to his daughter that he did not expect the jury to deliberate very long as he felt at that time that the evidence was such that the decision should go against both parties; that said juror stated to the affiant, following the verdict by the jury, that he had made his determination the night before the instructions were given to him by the court; that he (the juror) felt that the entire jury would feel the same way as he did and thus would reach a quick decision; and that this is why he had so advised his daughter.

The clerk's transcript in the instant appeal contains only the complaint, the answer and cross-complaint, the pretrial conference order, the verdict, the notice of appeal, and the aforesaid affidavit. It is barren of any new trial proceedings. We take judicial notice, however, of the clerk's transcript filed in connection with a previous appeal in this same action (No. 19980) which was dismissed by this court pursuant to a motion made on the ground that the order appealed from was not an appealable order. This latter appeal purported to be from a minute order of the trial court which refused to include the aforesaid affidavit in the transcript on appeal. Said affidavit was thereafter directed by this court to be included in the transcript in the instant appeal and is now before us. The clerk's transcript in the previous appeal discloses that a ''Notice of Motion and Motion for a New Trial'' was filed by the plaintiff on November 14, 1960, together with the affidavit hereinabove referred to. Thereafter a motion to strike and vacate the said notice of motion and motion for new trial was made and granted on the ground that plaintiff's said motion was not filed within the time required by Code of Civil Procedure section 659. The instant clerk's transcript discloses that the jury verdict was returned and filed on October 21, 1960. The judgment has not been made a part of either of the clerk's transcripts. However, both of the parties to this appeal have conceded in their briefs that the appeal is from the judgment. ■ Furthermore, we are entitled to presume, in the absence of any contrary showing, that the judgment was

entered within 24 hours after the rendition of the verdict by the clerk in the performance of his official duties as provided in Code of Civil Procedure section 664. (Code Civ. Proc., § 1963, subd. 15; *Lane* v. *Pellissier*, 208 Cal. 590 [283 P. 810].) The propriety of the trial court's dismissal of the motion for new trial on the ground that it was not filed within the statutory time is not challenged by the plaintiff. A reversal of the judgment is sought by her on the ground of the jury's misconduct on the basis of the aforesaid affidavit.

### Our Conclusions

■ The subject affidavit was filed in support of a motion for new trial on the grounds, among others, of irregularity in jury proceedings and misconduct of the jury. A motion on such grounds must be made on affidavits. (Code Civ. Proc., § 658; *Crespo* v. *Cook*, 168 Cal.App.2d 360, 363 [336 P.2d 31].) ■ The motion in the instant case was dismissed because it was not filed within the time provided for by statute. The failure to so file is jurisdictional and renders the purported motion ineffectual. (*Bank of America etc. Assn.* v. *Superior Court*, 115 Cal.App. 454 [1 P.2d 1081]; *Neff* v. *Ernst*, 48 Cal.2d 628 [311 P.2d 849].) Accordingly, any affidavit filed in support of such a motion was likewise rendered ineffectual and thus became a nullity. ■ ■ Although the subject affidavit is a part of the judgment roll it serves no purpose on this appeal. Since the only order relative to the motion for new trial was its dismissal (the propriety of which is not challenged), the trial court did not pass on the question of the juror's misconduct and therefore there is no order relative thereto to be here reviewed. (*Davilla* v. *Liberty Life Ins. Co.*, 114 Cal.App. 308, 311 [299 P. 831].) Moreover, an appellate court cannot take cognizance of such affidavit as evidence to be considered by it in the first instance. (See *Crespo* v. *Cook, supra,* 168 Cal.App.2d 360, 363; *Anderson* v. *Southern Pac. Co.*, 129 Cal.App. 206 [18 P.2d 703].) Accordingly, the plaintiff is not entitled to relief because no error appears on the face of the record of the judgment roll. (*Hearst Publishing Co.* v. *Abounader*, 196 Cal.App.2d 49 [16 Cal.Rptr. 244].)

We wish to point out, however, that even if we were required to consider such affidavit on this appeal, it would be of no avail to the plaintiff. The purport of the subject affidavit is to show misconduct impeaching the jury's verdict. ■ It is the established law of this state that affidavits of jurors

may not be used to impeach their verdict, except when the same is allegedly arrived at by resort to chance (Code Civ. Proc., § 657, subd. 2), or where the bias or disqualification of a juror was concealed by false answers on *voir dire*. (*People ex rel. Dept. of Public Works* v. *Donovan,* 57 Cal.2d 346, 351 [19 Cal.Rptr. 473, 369 P.2d 1]; *Kollert* v. *Cundiff,* 50 Cal.2d 768, 772-773 [329 P.2d 897]; *Smith* v. *Shankman,* 208 Cal. App.2d 177 [25 Cal.Rptr. 195].) Neither of these exceptions are invoked by the instant affidavit.

In the present case, moreover, the affidavit which has been offered is not that of the juror himself but that of the plaintiff's attorney. Hearsay statements of jurors are not admissible for the purpose of contradicting, impeaching or defeating a jury's verdict. (*Woods* v. *Pacific Greyhound Lines,* 91 Cal.App.2d 572 [205 P.2d 738]; *Conway* v. *Gurney,* 181 Cal.App.2d 239 [5 Cal.Rptr. 248]; *Davenport* v. *Waite,* 175 Cal.App.2d 623, 626 [346 P.2d 501]; *McWilliams* v. *Los Angeles Transit Lines,* 100 Cal.App.2d 27 [222 P.2d 953].) A verdict which cannot be impeached by the affidavit of a juror cannot be impeached by affidavits of third persons which merely set forth the substance of the extrajudicial statements made by the juror. (*People* v. *Giminiani,* 45 Cal. App.2d 535 [114 P.2d 392].) In *Woods* the court stated: "If a member of the jury may not impeach the verdict by his personal affidavit or oral testimony, certainly he may not circumvent the rule by informing an attorney of the appellants by means of a telephone of his alleged misconduct as a juror and thus render his statement competent by the hearsay affidavit of some other affiant." (P. 577.)

We must also allude, finally, to the disclosure made in said affidavit that the alleged misconduct came to the attention of counsel for the appellant while the jury was deliberating. Such claimed misconduct was not then called to the attention of the trial court either by the plaintiff or her attorney, nor was it made known to the court at any time prior to the rendition of the verdict. It is a well-established rule in this state that when knowledge of irregularity is known in time to apply to the court to remedy or correct it, a party may not sit by in silence and keep the point in reserve, taking a chance on a favorable verdict, and after a hostile one, then, for the first time, be heard to complain. (*Gotsch* v. *Market Street Ry.,* 89 Cal.App. 477, 484 [265 P. 268]; *People ex rel. Dept. of Public Works* v. *Donovan, supra,* 57 Cal.2d 346, 351; *Zibbell* v. *Southern Pacific Co.,* 160 Cal. 237, 253 [116 P. 513].)

In the instant case there was, moreover, a failure to raise the point of claimed misconduct by way of a timely motion for a new trial.　　　　It is also the controlling law of this state that even where affidavits can properly be received to impeach the verdict of a jury they must be accompanied by an affirmative showing that neither the moving party nor his counsel had knowledge of the misconduct relied on prior to the rendition of the verdict. The absence of such a showing in support of the motion for new trial is fatal. (See *Sherwin* v. *Southern Pacific Co.*, 168 Cal. 722, 726 [145 P. 92] ; *Forman* v. *Alexander's Markets*, 138 Cal.App.2d 671, 675 [292 P.2d 257] ; *Crespo* v. *Cook, supra,* 168 Cal.App.2d 360, 363.) It is apparent that such a showing could not be made by the appellant in the present case even if he had made a timely motion for new trial. It would be a tenuous assertion, moreover, to contend that the rule could be flouted and the fatality avoided by the simple expedient of bypassing a motion for new trial and urging the claimed misconduct for the first time on appeal, assuming *arguendo,* that such dereliction could thus be presented.

The judgment is affirmed.

Bray, P. J., and Sullivan, J., concurred.