[Civ. No. 930.    Fifth Dist.    Apr. 16, 1969.]

L. R. HOOVER, Plaintiff and Appellant, v. CITY OF FRESNO et al., Defendants and Respondents.

---

*Assigned by the Chairman of the Judicial Council.

8

Gladstein, Andersen, Leonard & Sibbett and Lewis J. Yapp for Plaintiff and Appellant.

Parichan & Krebs, Harold A. Parichan, R. W. Levy and Cyril Viadro for Defendants and Respondents.

CONLEY, P. J.—The plaintiff, who was seriously injured in an explosion, appeals from the summary judgment against him granted to two of the defendants, City of Fresno and its fire marshal, Floyd E. Watson. Appellant also appeals from the order denying his motion for a new trial; one would assume that by this time every lawyer in the state would know that there is no such thing, currently, as a permitted appeal from the denial of a motion for a new trial. In *Rodriguez* v. *Barnett*, 52 Cal.2d 154, 156 [338 P.2d 907], it was said at the beginning of the opinion that the attempted appeal from a refusal to grant a new trial ''. . . was dismissed from the bench with an admonition from the Chief Justice to counsel and to members of the bar generally to cease appealing from such an obviously nonappealable order.'' The purported appeal in this case from the denial of the motion for a new trial is, therefore, dismissed, and the propriety of the ruling in question will be considered as provided by law in a review of the judgment.

This action was commenced by L. R. Hoover after he

received alleged serious injuries by being blown from a hoist truck parked on the sidewalk on North Blackstone Avenue while he was attempting to remove a plastic sign from a pole at the boundary line of 864 North Blackstone Avenue with the public sidewalk. Working for his employer, Ad-Art Sign Company, Inc., he intended to cut the sign down and was using an acetylene torch in the process. Mr. Hoover did not know what danger he was in; 10 years earlier a gasoline service station had occupied the property, but it had been removed from the area in 1952 and the service station had been succeeded by a used car lot. Five underground gasoline storage tanks had been installed in the gas station property and when the area was converted to a used car lot the tanks remained underground without being filled with earth, sand or concrete as required by a city ordinance. An inconspicuous vent pipe, however, unknown to Mr. Hoover, led from the underground area containing the presumably empty tanks to a point on the sidewalk area near the pole bearing the sign which Mr. Hoover was attempting to remove. When he lighted his acetylene torch for the purpose of cutting down the sign, there was an explosion at the vent pipe which threw him from his perch on the hoist and blew up a portion of the lot in which the tanks had been left and adjoining property.

The original complaint in the case contained three causes of action, and all of the successive persons who had owned or conducted business on the premises located at 864 North Blackstone Avenue were named as defendants, together with the respondents herein, the City of Fresno and Floyd E. Watson, its fire marshal, and other city officials.

The original complaint contained the following allegations:

## VIII

"On the 14th day of August, 1962, at the time and place aforesaid, there was located in the ground on said 864 North Blackstone Avenue, Fresno, California, several large fuel oil storage tanks. At said time and place, there was extending from one or more of said fuel oil storage tanks, a vent pipe which was adjacent to the pipe supporting the aforesaid outdoor advertising sign. The existence of said underground fuel oil storage tanks, and the aforesaid vent pipe were at all times mentioned herein, unknown to Plaintiff herein.

## IX

"Plaintiff is informed and believes, and upon that ground alleges, that at all times mentioned herein the fuel oil storage

tanks connected to the aforesaid vent pipe was partially filled with fuel oil of high volatility.

### X

"That on or about the 14th day of August, 1962, at the time and place aforesaid, Plaintiff is informed and believes, and upon that ground alleges, that he ignited a blow torch, for the purpose of removing the aforesaid outdoor advertising sign from the pole upon which it had been mounted, at a time when said Plaintiff was standing upon the platform of a hoist truck, approximately 15 feet above the ground. That at said time and place, an explosion occurred, directly beneath Plaintiff, in and about the fuel oil storage tank, causing Plaintiff to be thrown with great force and violence from the platform upon which he was standing to the ground beneath him, inflicting upon Plaintiff serious injuries and damages, as hereinafter set forth."

The complaint continues, alleging that each of the defendants ". . . knew or by the exercise of reasonable care should have known, that the partially filled fuel oil storage tank, with the vent pipe leading therefrom immediately underneath the point where the Plaintiff was working created an unknown and unreasonable risk to the Plaintiff," that each defendant was negligent in that, knowing of the danger involved, he or it failed to give warning of the dangerous and defective condition and failed to maintain the premises in a reasonably safe condition and negligently allowed explosive gases to escape from the fuel oil storage tank and to accumulate in the vicinity of the place where plaintiff was working; it is also alleged that each defendant negligently failed to inspect the premises properly and failed to remove said fuel oil storage tanks or to fill them as required by city ordinance with earth, sand or concrete. The first cause of action asked for damages of $300,000, besides medical and hospital costs and demanded compensation also for loss of wages. The second and third causes of action also charged the defendants with negligence and prayed for the same amount of damages.

Later the plaintiff filed an amended complaint and thereafter a second amended complaint. In the last pleading the plaintiff added a fourth cause of action which incorporated by reference all of the allegations of the first, second and third causes of action and, also, contained a specific charge against the respondents through the following allegations:

## II

''Plaintiff is informed and believes, and upon that ground alleges, that on or about August 14, 1962, and for many years prior thereto, the underground fuel oil storage tank that exploded on said date as alleged in plaintiff's first cause of action herein, was located partially upon private property and partially upon public property, owned by defendant City of Fresno, and under the control of defendant City of Fresno, its officers, agents, servants and employees, sued as defendants herein.

## III

''That for a long time prior to the date of August 14, 1962, said defendant City of Fresno, its officers, agents, servants and employees, knew that a dangerous and defective condition existed upon said public property, in that said underground fuel oil storage tank had been abandoned for a period in excess of ten years, and that the same had not been removed, or filled solid with earth, sand, or concrete as required by Section 9-912 of the Municipal Code of the City of Fresno, and furthermore said defendant City of Frenso, its officers, agents, servants and employees, knew that to permit underground fuel oil storage tanks to remain in the ground for any length of time after said tanks had been abandoned, constituted a dangerous condition, capable of resulting in an explosion, and causing great physical and property damage in the event thereof. That the failure of the defendant City of Fresno, its officers, agents, servants or employees, to take action to prevent the existence of said dangerous condition, could result in injury to members of the public.''

A demurrer filed by defendants to the first, second and third causes of action was sustained, but the demurrer to the fourth cause of action was overruled by the court. An answer was filed by the City of Fresno and Floyd E. Watson in which, among other things, contributory negligence on the part of the plaintiff was alleged. In an amendment to the answer, the City of Fresno and Floyd E. Watson also alleged that the Ad-Art Sign Company, Inc. had been insured by a policy of insurance with State Compensation Insurance Fund and that payments were made after the accident in accordance with said policy to the plaintiff herein. The amendment further charged that the Ad-Art Sign Company, Inc. had been negligent in connection with the happening of the accident and that the recovery, if any, should be reduced accordingly.

■ We now reach the specific subject matter of this appeal. On June 26, 1967, the respondents served on the plaintiff a notice of motion for summary judgment on the ground that the action set forth in the fourth count "has no merit, and on the ground that there is no triable issue of fact."

In order to justify a summary judgment in their favor, the respondents owed a duty by their supporting declarations to set forth with particularity facts proving every element in their favor. (*Goldstein* v. *Hoffman,* 213 Cal.App.2d 803 [29 Cal.Rptr. 334]), even if no counteraffidavits were filed (*Colvig* v. *KSFO,* 224 Cal.App.2d 357 [36 Cal.Rptr. 701]). In support of the motion, the moving parties filed two declarations: the first was by Donald E. Baird, acting City Engineer of the City of Fresno, who alleged that he was familiar with that portion of Blackstone Avenue located in the City of Fresno, and that the City of Fresno did not *own* any interest in or to Blackstone Avenue, including the sidewalk adjacent to the premises known as 864 Blackstone Avenue; he further avered that the defendant City of Fresno did not on August 14, 1962, and does not now, "*own or control* the property located at 864 Blackstone Avenue." (Italics added.) It will be noted that Mr. Baird made it quite clear in his declaration that the City of Fresno does not *own or control* 864 Blackstone Avenue and does not *own* any interest in or to Blackstone Avenue including the sidewalk; there is a complete hiatus with respect to *control* of the Blackstone Avenue sidewalk, as distinguished from ownership, by the defendant City of Fresno at the time of the explosion. Control of the sidewalk by the City of Fresno might lead to liability if other alleged facts were proven (Gov. Code, § 830, subd. (c) ; Van Alstyne, California Government Tort Liability (Cont. Ed. Bar 1964) § 830, pp. 546-547).

The second declaration is by H. Wayne Taul, "a licensed mechanical, electrical, civil, structural and metallurgical engineer"; he stated that on June 26, 1967, using "a magnetic underground metal detector" he located the underground fuel oil storage tank at 864 Blackstone Avenue which was then closest to the property line of the premises adjacent to the sidewalk and that he noted that no portion of the tank was under the concrete sidewalk along Blackstone Avenue adjacent to 864 Blackstone and that its nearest point to the property line was a distance of 57 inches. It will be borne in mind in this connection that a period of 15 years had elapsed

from the discontinuance of the gasoline station until the explosion; no explanation is given with respect to that long gap. While there is authority to support the idea that in the absence of contrary evidence proof of the existence of a specified situation at one time may properly lead to the inference that it was in existence at an earlier time (*Blank* v. *Coffin,* 20 Cal.2d 457, 463 [126 P.2d 868]; Witkin, Cal. Evidence (2d ed. 1966) § 357, p. 316), in the present case the declaration concerned a situation many years later and after the tank in question had exploded. The cases cited by defendants do not contain factual situations so remote in time as in the present case and seem inapplicable without further proof. What was found in 1967, through the use of a magnetic device, does not necessarily determine the position of the underground tank at the time of the explosion in 1962. There is a remoteness limitation (*Larson* v. *Solbakken,* 221 Cal.App.2d 410, 421-422 [34 Cal.Rptr. 450]), which is recognized by the authorities and which should be applied factually in the present situation. If the tank exploded in 1962, would there be anything left for a metal device on top of the ground to ascertain in 1967 with respect to its position in 1962?

In our opinion the showing for a summary judgment is deficient in the two important respects noted: first, there is no specific proof that the City of Fresno did not *control* that portion of the Blackstone Avenue sidewalk involved in the accident, and, secondly, there is no showing that conditions with respect to the location of the underground tank had not changed during, or since, the explosion. Furthermore, it does not seem that it was essential for plaintiff to prove that the tank, in its condition prior to the explosion, invaded the subsoil of the sidewalk. The real question is whether the sidewalk in its admitted condition with a vent pipe located at the edge of the sidewalk and emitting explosive fumes led to a failure of duty on the part of the city in control of the sidewalk and the fire marshal of the city whose duty it was to remedy any known dangerous situation from explosion and fire.

With respect to the failure on the part of the moving party to show that the city did not have the duty to *control* the sidewalk, it is clear that in order to warrant the entry of a summary judgment it was the duty of the moving party to cover completely all of the essential issues of the action, and if there was a failure to negate control of the sidewalk by the City of Fresno and its employee, the granting of the motion for summary judgment was erroneous. In the present case,

there was a total failure to prove by the declarations that the city did not *control* the sidewalk involved; the court was compelled legally to deny the application for summary judgment. It has been said that, even if a doubt exists as to whether a summary judgment should be granted, the motion would have to be denied (*Snider* v. *Snider,* 200 Cal.App.2d 741, 748 [19 Cal.Rptr. 709]). And here there was no claim that the City of Fresno did not control the sidewalk area.

We conclude that the court erred in granting the motion for a summary judgment. On the motion for a new trial, it was proved that the city had a contract with the State of California to control the sidewalk.

At the hearing of the motion for a new trial, plaintiff submitted copies of an agreement between the State Department of Public Works of California and the City of Fresno dated July 1, 1960, and an amendment dated January 1, 1962, accompanied by resolutions passed by the city council approving the agreement. The agreement, contained in the clerk's transcript, provided for *maintenance* of state highway routes within Fresno, and the area under the control of the city is stated to be improved roadside, traffic signals, highway lighting, sweeping and cleaning, landscaped areas, trees, curbs and sidewalks.

Plaintiff argued that this agreement created a triable issue of fact as to the question of whether or not the city's duty to maintain the curbs and sidewalks was violated by the dangerous and defective condition of the underground tank. Plaintiff pointed out that the city recognized the danger of leaving underground storage gas tanks unattended through its passage of section 9-912 of the municipal code.

However, respondents correctly claim that the court did not have jurisdiction to rule on the declarations on the motion for a new trial, because the time had expired within which the court could legally extend leave to the moving party to file affidavits or declarations in support of the motion for a new trial; this argument is based on the allegation that the motion itself was served by mail on the respondents on July 21, 1967 (Code Civ. Proc., § 1013), and time was extended to August 23d, which was too late. (Code Civ. Proc., § 659a.) (See *Terry* v. *Lesem,* 89 Cal.App. 682 [265 P. 523]; *Fernandez* v. *Consolidated Fisheries, Inc.,* 117 Cal.App.2d 254 [255 P.2d 863]; *Crespo* v. *Cook,* 168 Cal.App.2d 360 [336 P.2d 31].)

This reversal is based on the defective showing made by respondents prior to the entry of the judgment, and does **not**

depend upon the later refusal of a new trial. As the case will have to be retried, and the agreement between the state and the city is not denied, it will necessarily become evidence at the retrial and is mentioned accordingly.

Respondents contend that the fourth cause of action is barred by the statute of limitations; this contention is groundless, as the previously filed pleadings allege essentially the same basic facts, so that the date of filing the original complaint, which was timely, resolves the question in favor of appellant. (*Austin* v. *Massachusetts Bonding & Ins. Co.*, 56 Cal.2d 596, 599 [15 Cal.Rptr. 817, 364 P.2d 681]; *Wilson* v. *Bittick*, 63 Cal.2d 30 [45 Cal.Rptr. 31, 403 P.2d 159]; *Elzarian* v. *Wiser*, 216 Cal.App.2d 506 [31 Cal.Rptr. 126].)

Accordingly, the judgment in favor of the City of Fresno and Floyd E. Watson, the fire marshal, is reversed; the trial court is directed to set aside the order granting a summary judgment and to enter an order denying the application for summary judgment.

Stone, J., and Gargano, J., concurred.

A petition for a rehearing was denied May 15, 1969, and respondents' petition for a hearing by the Supreme Court was denied June 11, 1969.