[Civ. No. 6269.   Third Appellate District.—May 23, 1940.]

GUY HEAD et al., Respondents, v. J. T. LOGAN, Appellant.

Carter, Barrett, Finley & Carlton Carter, Barrett & Finley, Samuel F. Finley and Thomas J. Fanning for Appellant.

James Davis for Respondents.

TUTTLE, J.—This action was brought by plaintiffs to recover the sum of $1120.97. In a second cause of action plaintiffs sue to recover the sum of $52.82 alleged to be due them as assignees of S. H. Gillette, and in a third cause of action they seek to recover the sum of $94.46 due them as assignees of W. G. Grant. All causes of action are predicated upon an open book account. The court found in favor of plaintiffs upon all counts, and judgment was rendered as follows: Upon the first count, $1101.32; upon the second, $48.64, and upon the third, $93.17. Defendant appeals from the judgment.

Plaintiffs, during the years 1934 and 1935, were engaged in general mercantile business at Happy Camp, Siskiyou County. Defendant, during that time, was conducting mining operations in the vicinity. The evidence shows that various and numerous articles were purchased from plaintiffs by defendant, and that plaintiffs at times advanced cash to defendant. Payments were made upon the account on many occasions. The first contention made by appellant is that the evidence is insufficient to support the findings. An examination of the record discloses that there is ample evidence to justify the finding, and the point is without merit.

It is next urged that the trial court erred in admitting in evidence items which were not contained in a bill of particulars filed by plaintiffs. (Sec. 454, Code Civ. Proc.) As the bill of particulars was not admitted in evidence, nor is it in the record, and consequently is not before us, we must conclude in support of the judgment that the items men-

tioned were included in the bill of particulars. ■ Furthermore, we can see no prejudice resulting from the admission of such evidence, assuming that the items were not included in the bill. The questions objected to by appellant related to payments made on the account by appellant. On one occasion appellant said he did not know, and would have to look it up. The question, therefore, remained unanswered. On another occasion Mrs. Head, bookkeeper for respondent, testified, over the objection of appellant, as to a payment of $100 on account by appellant. These are the only instances mentioned by appellant in connection with the point raised. We note that the trial judge, in overruling appellant's objection to testimony covering credits upon the account, observed that he had examined the demand made by appellant for a bill of particulars, and that such demand covered only items *charged* to the account of appellant, and that no mention was made therein of *credit items*. "You asked", the court said, "specifically in your demand for the bill of particulars, for certain things, and they were furnished". This is not only good common sense, but is a fair and equitable view. It certainly was not incumbent upon respondents to prove any more than the indebtedness of appellant, and in respect thereto they were limited in their proof to the items set forth in the bill. (Sec. 454, Code Civ. Proc.) Payments *on account* made by appellant were not demanded, and, therefore, not required to be furnished; hence, the rule limiting the proof under section 454, Code of Civil Procedure, cannot be invoked in respect to them.

■ It is next contended, with reference to the second cause of action, that the evidence of Henry, bookkeeper of assignor Gillette, was improperly admitted. This witness kept all the books and accounts of Gillette, and made all entries therein. The entries in the books were made from sales tags, some of which were not made out by Henry. It is contended that the witness could not use such tags to refresh his memory. He testified that the books showed defendant to be indebted to Gillette in the sum of $50.82. As these books were predicated upon the sales tags, it was not error to permit the witness to refresh his memory from such tags. Furthermore, the matter is of little consequence, as appellant admitted he owed $44 on the account. The contention is without merit.

■ Appellant contends that the trial court erred in refusing to grant his motion for new trial. One of the grounds set forth in his motion for new trial was "irregularity in the proceedings of the adverse party by which defendant was prevented from having a fair trial". (Sec. 657, subd. 1, Code Civ. Proc.) In this connection he relies upon "the trial court's action in overruling evidence as to items not appearing in plaintiffs' bill of particulars, the reopening of the case by the court upon the motion of plaintiffs when no showing was made that plaintiffs could not have produced all available evidence at the first hearing and the toleration by the court of a second amended complaint filed by plaintiffs without notice of any kind to defendant, without motion therefor having been made, and without leave of court having been given, were highly prejudicial to defendant, and for which reasons he was prevented from having a fair trial. Furthermore, the trial court held that defendant was strictly bound by any statements made by him against interest, but, on the other hand, the court allowed plaintiffs to change their testimony at several points over the objection of defendant." In 20 California Jurisprudence, page 43, section 22, referring to the ground mentioned above, it is said: "This ground refers to matters which may not be fully presented by exceptions taken during the progress of the trial, and which, therefore, must be shown by affidavit." We do not believe that the matters mentioned come within the rule stated. Furthermore, it is held in 20 California Jurisprudence, page 44, section 23:

"The question whether, under all the circumstances, an irregularity has materially affected substantial rights and prevented a fair trial is addressed to the discretion of the trial court, which—having heard and seen the witnesses, and having knowledge of circumstances which may not be reproduced in the record—is in better position than the appellate court to determine the effect."

We cannot say that the trial court abused its discretion in holding that there were no irregularities of the nature specified.

■ It is contended that plaintiff filed a second amended complaint without first having obtained leave of court. This pleading was accompanied by an amended bill of particulars, which does not appear in the record. Appellant's demurrer

to this complaint was overruled, and an answer was filed thereto. The findings also refer to the second amended complaint. The second amended complaint was thus treated and recognized by the trial court as having taken the place of the first amended complaint. The record is silent as to whether or not permission was given to file the pleading in question. We must therefore presume, in support of the judgment, that such permission was granted. Furthermore, no showing of any prejudice resulting from the use of the second amended complaint is made by appellant. The action is a simple one to recover upon an open book account, and the only difference between the first and second amended complaints is in respect to the balance claimed to be due respondents. In the first, the amount of $1120.97, while in the second, it is $1116.32. The point is absolutely devoid of merit.

Several other contentions are made by appellant, but like those discussed, they have no substantial merit. We have examined the entire record, and are satisfied that the conclusion reached by the trial court was a just and proper one.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.