[Civ. No. 18855. Second Dist., Div. Three. June 19, 1952.]

ANN D. BESEAU, Appellant, v. NORMA MAY GEORGE et al., Respondents.

E. Arnold Oppenheim and Frank Alef for Appellant.

Bauder, Gilbert, Thompson & Kelly for Respondents.

SHINN, P. J.—Plaintiff appeals from an order granting a new trial after she had won a verdict and judgment of $15,000 for injuries suffered in a collision of two automobiles. The motion was granted upon the sole ground of insufficiency of the evidence.

The collision occurred in the intersection of Third Avenue, a north and south street, and Venice Boulevard, an east and west street. Tracks of the Pacific Electric Railway are located in its right of way on Venice Boulevard. The right of way is 34 feet wide, the portion of the boulevard north of the right of way is 28 feet wide, and the portion south of the right of way is of the same width. Third Avenue is 40 feet wide. The portion of Venice Boulevard north of the tracks is exclusively for westbound traffic and that portion south of the right of way is exclusively for eastbound traffic. There are boulevard stop signs controlling traffic on Third Avenue at the intersection, but none on Venice Boulevard. The accident happened about 10 o'clock in the morning. It had been raining earlier but the day was clear and the visibility good. Defendant drove south on Third Avenue into the intersection and had crossed the Pacific Electric tracks when she collided with the automobile of plaintiff. The front of defendant's car struck the left side of plaintiff's car when the two cars were some 24 feet east of the west curb line of Third Avenue and 14 feet north of the south curb line of Venice Boulevard. Defendant testified she made a stop before entering the intersection; she put her car in first gear and proceeded slowly onto the tracks where she put it in second gear; she looked and kept looking to the east, west and south, and saw no vehicles approaching from any direction; at the time of the collision she was looking straight ahead and did not see plaintiff's car until a moment before the collision; she was traveling only about 5 miles an hour when the collision occurred, and stopped her car immediately. Mr. McDonald, a witness for plaintiff, estimated the speed of defendant's car, at a point some distance north of the intersection, at 25 miles an hour. He did not see it enter the intersection. Plaintiff testified she was traveling 25 miles an hour; when she was about 35 feet west of the intersection she saw defendant's car about 15 feet north of the intersection; defendant was traveling very

fast, at least 45 miles an hour, and did not make a boulevard stop; she watched her on that account; defendant could not have stopped at the intersection; she did not know whether defendant was going to stop and that is the reason she watched her; at the time defendant's car reached the car tracks it was going faster than plaintiff's car—about 30 or 32 miles an hour; defendant gave a signal by raising her hand high, indicating an intention to turn to the right on the south side of Venice Boulevard and plaintiff thought she was going to make that turn; plaintiff "checked" the intersecting streets, and when she turned her head to the left defendant's car was but a few feet away.

Officer Brown testified for the defendant that he interviewed plaintiff at the scene of the accident; plaintiff told him she first saw defendant's car as it entered the railway tracks; she said nothing about having seen the car fail to make a boulevard stop; she said she was traveling about 30 miles an hour and that when she saw the other car she thought it was going to stop and she did not slow down because she knew she had the right of way.

Defendant denied she had signaled for a right-hand turn, and testified that she knew she could not turn right on the south half of Venice Boulevard; that she intended to continue straight south.

Officer Smith testified that he interviewed defendant at the scene of the accident; that she said she thought she was traveling about 15 miles an hour and did not have time to apply her brakes after she saw plaintiff's car.

The negligence of defendant was established by her own testimony. There was nothing to obstruct her view of plaintiff's approaching car. It is evident that she did not look for vehicles approaching from the west; this is more reasonable than to believe that she did look and failed to see a vehicle that was in plain sight. We do not see how a new trial could have been granted on the theory that the court was in doubt as to defendant's negligence. It is not so clear, however, that plaintiff was free from negligence. Although it was the duty of defendant to yield the right of way to vehicles which were so closely approaching the intersection on the through highway as to constitute an immediate hazard (Veh. Code, § 552), this did not excuse plaintiff from the exercise of ordinary care under circumstances that were known or should have been known to her. While one has the right to expect the driver of an approaching vehicle to obey the law,

and is not necessarily negligent in failing to anticipate danger that would come only through violation of law, the requirements of due care do not permit him to be indifferent to the movements of such other vehicle. He must exercise ordinary care to observe whether the driver of the other vehicle is proceedng in violation of law, and he must conform his own conduct to standards of common prudence and caution. (*Hendricks* v. *Pappas*, 82 Cal.App.2d 774 [187 P.2d 436].) If, as plaintiff testified, defendant failed to make a boulevard stop and entered the intersection at a speed of 45 miles per hour her conduct was both reckless and unlawful. Even if she was traveling at only 30 or 32 miles per hour as she entered upon the railway tracks this continued speed in crossing an intersection was dangerous. Plaintiff testified that she was aware of the reckless manner in which defendant was driving and yet she took no precautions to avoid an accident. In view of what she had observed, her statement to Officer Brown that she made no effort to slow down because she knew she had the right of way indicated an attitude of mind not entirely consistent with the exercise of due care. Although the jury determined that she was justified in failing to slow down, this was not the only reasonable inference that could have been drawn from her testimony. While she estimated her distance from the intersection at 35 feet when she saw defendant's car 15 feet north of the intersection, it is clear that if she did observe defendant's car in that location she, plaintiff, must have been considerably more than 35 feet from the intersection, and probably far enough away to have enabled her to come to a stop before reaching the intersection.

 It is the duty of the trial judge, as it is the duty of the jury, to judge of the credibility of the witnesses and the weight of the evidence. It is the court's duty to grant a new trial if convinced that the verdict is contrary to a preponderance of the evidence. (*Tice* v. *Kaiser Co.*, 102 Cal.App. 2d 44 [226 P.2d 624]; *Jones* v. *City of Los Angeles*, 104 Cal. App.2d 212, 217 [231 P.2d 167].) A reviewing court will not reverse an order granting a new trial for insufficiency of evidence unless as a matter of law the evidence was insufficient to sustain a verdict in favor of the moving party. (*Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357 [170 P.2d 465]; *Williams* v. *Field Transportation Co.*, 28 Cal.2d 696 [171 P.2d 722]; *Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal. 2d 305 [163 P.2d 689].) The evidence here was suffi-

cient to have sustained a finding by the jury that plaintiff was guilty of contributory negligence. The order therefore may not be disturbed.

The order granting a new trial is affirmed.

Wood (Parker), J., and Vallée, J., concurred.