[Civ. No. 20417.   Second Dist., Div. One.   June 6, 1955.]

JOEL DAVID BRANDWEIN, Appellant, v. FRANK R. RODRIGUEZ et al., Respondents.

Lillie & Brant, Algerdas N. Cheleden and Richard M. Clare for Appellant.

C. F. Jorz, Marion A. Smith and Jack H. Glines for Respondents.

DORAN, J.—The plaintiff herein, after a trial by jury, was awarded a verdict of $21,000 for the wrongful death of plaintiff's wife, together with the sum of $7,000 for personal injuries to plaintiff. The complaint alleges that the defendant, as owner of the Keystone Auto Court in Santa Maria, negligently maintained a gas heater therein, and that while Mr. and Mrs. Brandwein occupied a room in said auto court, both the wife and husband became asphyxiated by carbon monoxide from the heater, resulting in the wife's death and the husband's injuries. Joel David Brandwein was about 22 years of age; Renee Brandwein, the wife, approximately 21.

Thereafter, on the defendants' motion, the trial court granted a new trial on two grounds, namely: (1) Irregularity of the proceedings of the court and jury, and (2) Insufficiency of evidence to justify the verdict. The present appeal is from the order granting defendants a new trial.

The record discloses evidence to the effect that the defendant had purchased the Keystone Auto Court on October 24, 1950; that on February 21, 1951, at about 11:30-12 p. m. in the evening, defendant showed Mr. and Mrs. Brandwein to Room 2 in said court, and informed plaintiffs that the gas heater was burning. The defendant testified that when ''this room was turned over to Mr. Brandwein and his wife'' both the front window and the bathroom window were open; that the next morning when Mr. and Mrs. Brandwein were found unconscious in the room, the windows ''were shut tight,'' and the heater was still burning.

The gas heater in question was an unvented heater set in

the wall, and carried the seal: "Complies with the National Safety Requirements, Approved, American Gas Association." Immediately after the accident the heater was inspected by Frank Brandon, general service foreman for Southern Counties Gas Company, who "found the heater to be in good adjustment; the flame height was proper for that type of a heater, and there were no gas leaks."

There was testimony by Dr. Missal, who was called in to examine the asphyxiated persons, to the effect that "If there is sufficient oxygen in the room, you wouldn't get carbon monoxide poisoning"; also, that even in the case of a vented heater with an open flame, the flame will consume air in the room. Plaintiff denied doing anything to the heater, and did not open any windows or ascertain if any windows were open before retiring. Brandwein had had no previous experience with heaters of this type; and was unable to detect any odors emanating from the gas heater.

It is appellant's contention that the trial court abused its discretion in granting a new trial upon the ground of irregularity in the proceedings of court and jury, and that if any irregularity existed, no prejudicial error resulted. From the trial court's memorandum of opinion on sustaining defendants' motion for a new trial, it appears that "After the jury had been deliberating for some period of time the Bailiff . . . advised the Court that the jury desired all of the exhibits. Whereupon the Court ordered that the exhibits . . . be given to the jury and among the exhibits so handed to them . . . was Plaintiff's exhibit No. 11, the deposition of the said Phil Steffan." This procedure was contrary to the provisions of section 612 of the Code of Civil Procedure permitting a jury to "take with them all papers which have been received as evidence in the cause except depositions."

As observed in respondents' brief, "The testimony given by this witness was, if believed by the jury, extremely damaging to the defendant. In the deposition in question, Philip Steffan testified to stopping at defendant's auto court in February when Mr. and Mrs. Brandwein stopped there, and previous thereto, and occupied the same room; that Steffan became sick from gas escaping from the heater, and told the defendant that "somebody was going to get in trouble with this gas of yours"; that on another occasion Steffan refused to take that room because of the gas. This episode was denied by the defendant.

The trial court observed that "the question of liability and

particularly the question of contributory negligence on the part of the plaintiff and the deceased wife, Renee Brandwein, were extremely close ones. In view of this fact the Court is convinced that it was prejudicial error to permit the jury to have this deposition in the jury room during its deliberations."

As stated in respondents' brief, "It is not difficult to conceive how the jury could, and no doubt did, give great weight to such written testimony when it was considered in the jury room. It was down in black and white and could be referred to again and again, whereas the testimony given in Court would escape their recollection. . . . Certainly it is probable that the jury did give the testimony of the witness Steffan undue weight and consideration when it was before them in the jury room in this manner."

Appellant's argument that, at most, this procedure was mere harmless error and insufficient ground for the granting of a new trial, cannot be sustained. Permitting the jury to have this isolated portion of the evidence, contrary to the provisions of the statute, centered its attention on the Steffan testimony, stressing the importance of this one item and exalting it above all other evidence given at the trial. The obvious result of such procedure could well be that the verdict for plaintiff was based upon this deposition rather than upon a proper consideration of all evidence placed before the jury. The trial court, therefore, did not abuse its discretion in granting a new trial.

The other ground on which the trial court granted a new trial was that of insufficiency of evidence to justify the verdict. It is appellant's contention that there was "negligence as a matter of law upon the part of defendant" in view of "(1) The admissions of the defendant that the gas heater in question was defective, and (2) that said defect was a latent and dangerous one." Cited in support thereof is the defendant's testimony that "there was nothing in it for a vent pipe," and "Never has been." (Reporter's transcript, p. 80.)

The quoted testimony is, of course, only a small part of the evidence bearing on the matter of negligence and contributory negligence, and in any event does not establish negligence as a matter of law. [2] As pointed out in respondents' brief, section 16900 of the Health and Safety Code merely requires the venting of a gas appliance "which is designed to be a vented appliance, as shown by the presence of a vent collar to which a vent may be attached," and does not declare that the use of an unvented heater, not designed to be vented

as in the present situation, is unlawful or to be deemed negligence *per se*. Moreover, the question of plaintiff's contributory negligence in retiring without either turning out the heater or leaving a window open, enters in the question of liability. The defendant testified that windows were open when plaintiff took over the room; in the morning the windows were found closed. And reference has previously been made to expert testimony that the gas heater was found to be in good condition with no gas leaks.

It is well established that "the trial judge is familiar with the evidence, witnesses and proceedings, and is in the best position to determine whether, in view of all the circumstances, justice demands a retrial." ▆ The presumptions on appeal are in favor of the order, and the appellate court does not independently redetermine the question. ▆ Review is limited to the inquiry whether there is any support for the ruling, and the order will be reversed only where there is a strong showing of abuse of discretion. (*Perry* v. *Fowler*, 102 Cal.App.2d 808 [229 P.2d 46].)

▆ In the instant case the evidence as to negligence and contributory negligence was in conflict, and for the reasons hereinbefore given, the granting of a new trial cannot be deemed an abuse of discretion nor without support in the record.

The order is affirmed.

White, P. J., and Drapeau, J., concurred.