[Civ. No. 8909. Third Dist. Mar. 4, 1957.]

CORNIE QUIRING et al., Plaintiffs and Respondents, v. ATTILLIO ZAMBONI, Appellant; LOUISE NETTLE, Defendant and Respondent.

William J. Connolly, Donald F. Farbstein and Frank Shuman for Appellant.

L. C. Smith for Plaintiffs and Respondents.

Glenn D. Newton for Defendant and Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment entered upon a jury's verdict which awarded respondents $15,000 as general and special damages sustained by them when Mrs. Quiring was injured in a collision between an automobile driven by appellant Zamboni and an automobile being driven by defendant Mrs. Nettle, with whom Mrs. Quiring was riding as a guest. Appellant does not challenge the sufficiency of the evidence as to actionable negligence or resultant injury and damages, but complains of error by the court in: 1. Allowing depositions to be taken into the jury room; 2. Permitting appellant's codefendant Mrs. Nettle to move for a directed verdict in her favor after arguments had been concluded; and, 3. Giving erroneous instructions to the jury during the jury's deliberations.

The record discloses the following: Mrs. Nettle was proceeding north on a two-lane main highway beyond Redding when she decided to stop at a roadside restaurant on the west or left side of the highway. Before attempting to cross she pulled off on the right-hand shoulder to let oncoming cars pass, then seeing no vehicles approaching from either direction she proceeded to cross to the restaurant. She indicated her intention to turn left by use of the directional signals with which her automobile was equipped. It was late in the afternoon on a clear, dry day and there were no physical obstructions to a view of the highway in either direction for approximately 250 feet. She had crossed both lanes of the highway and was entering the restaurant premises when her car was struck broadside by that of appellant who was traveling south. Mrs. Quiring testified when she first saw appellant's car it was 300 feet distant and coming at a terrific rate of speed. It laid down skid marks for 150

feet. Mrs. Nettle did not see appellant's car until a moment before the impact. Appellant testified that he observed Mrs. Nettle's car when it was parked on the shoulder, but thereafter he was watching oncoming traffic and did not see her crossing the highway until her car was directly in his path at a distance of only 40 to 60 feet. He said he applied his brakes and swerved off the highway to the right in an attempt to avoid the collision.

At the close of testimony counsel for Mrs. Nettle stated that he wished to make a motion for a directed verdict in her favor but did not want to do so until after the argument, as he wanted to be sure the facts would not support a holding of wilful misconduct on her part and for that purpose desired to listen to opponent's argument. The court expressed concern at deferring the motion in that way lest confusion be introduced into the case. Appellant's counsel did not at that time object to this procedure. After the arguments were in, counsel for Mrs. Nettle asked leave to make his motion, and appellant's counsel then did object, claiming that counsel had waived his right to make the motion by reserving it and permitting argument to be addressed to the jury on the subject of Mrs. Nettle's liability and by arguing the matter himself. The objections were overruled and the motion was made and granted, the court stating that it would allow appellant's counsel to reargue the case if he desired. This offer was accepted but with a reservation of his objection, and counsel did argue further, pointing out to the jury the changed aspects of the case and explaining to them that the issue of his client's liability was in no wise affected by the dismissal from the cause of Mrs. Nettle.

It was within the court's discretion to permit the belated motion. (*Gibson* v. *Southern Pac. Co.*, 137 Cal.App.2d 337, 346 [290 P.2d 347].) Furthermore, we think that appellant failed to show how he was prejudiced by the procedure followed in view of his reargument, which appears to us to have cleared up any confusion which might have resulted from the motion having been made and granted after argument.

After retiring for deliberation the jury returned to court with the following written query: "What constitutes negligence? Can we say that he was negligent but not to the point where he should pay comp." In response the court reread the original instructions on negligence and then stated: "If you believe defendant Attillio Zamboni was guilty of

negligence, he is liable for any injury proximately caused thereby. If you do not believe said defendant was guilty of negligence, he is not liable. You must decide this issue, and cannot straddle it. You will add at the foot of your verdict a hand written finding 'Defendant Attillio Zamboni (was) or (was not) guilty of negligence.' '' The court followed this with the usual instruction that the jury must consider the instructions as a whole and then asked the jury if he had answered their questions and whether or not the jury desired to ask further questions. Receiving no response, the court returned the jury to the jury room for further deliberations. Appellant argues that the supplemental instruction we have quoted was in effect a direction to the jury to return a verdict for plaintiffs against Zamboni if they found any negligence whatsoever on his part and was not an answer to the question presented. He argues that the court should clearly have told the jury the appellant was liable to pay compensation only if the negligence found was the proximate cause of the accident and of the injuries to Rachel Quiring, if the jury found her to have been in fact injured at all. Appellant had denied in his answer that she had been injured, and at least concerning the extent of the injuries the evidence was sharply in conflict. We think appellant's arguments untenable. The supplemental instruction expressly required both negligence and proximate cause as conditions to recovery, and the general instructions had properly defined proximate cause. The jury must have understood that appellant not only had to be guilty of negligence, but that his negligence had to be a proximate cause of the injuries actually sustained before a verdict against him could be rendered. The court was not required in responding to the jury's questions to redefine proximate cause and appellant's counsel did not ask the court to do so.

■ Appellant complains further of the court's requiring a special finding of the jury as to presence or absence of negligence on the part of appellant, saying that the written requirement would tend to influence the jury to disregard the rule that a plaintiff must prove causal connection between any negligence found and the injuries complained of. We do not think the requirement of a written finding as to negligence was fitted to have such an effect upon the jury. The court admonished them expressly when giving the supplemental instruction and requiring the written finding that they must consider all of the instructions that had been given

to them, and it cannot be assumed that they disregarded the rule of proximate cause.

 Appellant further assigns as error the act of the trial court in permitting depositions which had been introduced in evidence to be taken to the jury room. This, of course, did violate the express prohibition contained in section 612 of the Code of Civil Procedure and would have constituted sufficient ground for the granting of a new trial. (*Brandwein* v. *Rodriguez*, 133 Cal.App.2d 433, 436 [284 P.2d 130].) Motion for a new trial based in part on this error was made and denied. After a careful examination of the record we have concluded that the error will not justify reversal. The depositions were those of the three parties to the action, that is, those of Mrs. Quiring, Mrs. Nettle and appellant. All three had testified as witnesses in the cause, and under cross-examination some discrepancies between their testimony and their depositions had been pointed out. We cannot assume that if the jury read the depositions that they singled out any one and ignored the others. Generally speaking, the depositions comported with the testimony of the deponents at the trial. It does not affirmatively appear from the record that appellant objected to the jury having the depositions at the time they were taken into the jury room. Neither does it appear that the jury requested the depositions. Apparently the court, while instructing the bailiff to conduct the jury to the consultation room, also directed him to take with him and leave with the jury the exhibits, including the depositions. We think it only fair, however, to dispose of this issue upon the assumption that objection was made, since, on argument of the motion for new trial, respondents' counsel did not deny appellant's assertion that objection had been made. Absent such objection, the trial court was still bound by the statutory mandate (Code Civ. Proc., § 612) and erred in permitting the depositions to be taken to the jury room. However, an examination of the entire record has convinced us that the error did not result in a miscarriage of justice and, therefore, we cannot, under the admonition of article VI, section 4½, of the California Constitution, reverse the judgment.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.