[Civ. No. 5985. Fourth Dist. Nov. 27, 1959.]

MILDRED DAVENPORT, Appellant, v. LAUREL WAITE, a Minor, etc., et al., Respondents.

Lee Freeman for Appellant.

Moss, Lyon & Dunn, Robert C. Nye and Henry F. Walker for Respondents.

MONROE, J. pro tem.*—This is an action for damages growing out of a collision of two motor vehicles in Rialto, in San Bernardino County, in December, 1956. The defendant Laurel Waite, a minor, was operating an automobile upon a through highway and collided with an automobile operated by the plaintiff and appellant Mildred Davenport, who was attempting to cross the through highway. Although there is some considerable conflict in the testimony with respect to the details of the accident, the main facts are well established. Wilfred Heywood, a brother of appellant Davenport, was riding in her automobile and received injuries which resulted in his death. Ruth W. Heywood, as administratrix, joined as plaintiff. It was alleged, and appears to be undisputed that deceased occupied the status of guest. There is some dispute in the evidence as to the speed at which defendant Waite was driving, but she admitted a speed of at least 50 miles per hour, and marks upon the highway indicate application of brakes immediately before the collision. The mother of defendant Laurel Waite was made a party defendant by reason of assumption of liability in applying for the minor's driver's license. Kleo Ness, the owner of the automobile driven by defendant Waite, sought recovery of damages to the automobile driven with the owner's consent.

A jury trial resulted in a verdict in favor of defendants, and against the plaintiffs and also in favor of Kleo Ness and against plaintiff Davenport for $650 for damages to the automobile. The verdict was evidently upon the theory that the collision was a proximate result of negligence of the plaintiff Davenport and that defendant Laurel Waite was not negligent. A motion for new trial was filed by both plaintiffs. They assigned as grounds for the motion the insufficiency of the evidence to support the verdicts, misconduct of the jury, and accident and surprise. In support of the motion affidavits of counsel for plaintiffs and affidavits of two of the jurors were filed. Upon the hearing of the motion the court struck out the affidavits of the two jurors, denied the motion of plaintiff and appellant Mildred Davenport for a new trial upon the issues

*Assigned by Chairman of Judicial Council.

raised by her complaint, granted the motion for new trial of the plaintiff Heywood, as administratrix, and granted the motion for new trial as to the issues raised by the cross-complaint. The plaintiff Mildred Davenport appeals from the judgment. There is no appeal by the other parties to the action.

It is clear from the record that the trial court was satisfied that the evidence was sufficient to support the implied finding of the jury that appellant Mildred Davenport was guilty of negligence which was a proximate cause of the collision, but that the court was satisfied that the implied finding of the jury that defendant Laurel Waite was not guilty of negligence was contrary to the weight of the evidence.

 Before considering the evidence and the weight thereof, however, it becomes necessary to consider the matter of the affidavits filed in support of the motion for new trial. The affidavits of two of the jurors were to the effect that the deposition of the defendant Laurel Waite, which was not introduced in evidence, was taken to the jury room, together with the exhibits in the case, and that portions of it were read to and commented upon by the jury. Neither affiant was able to state just what portions were considered. The affidavit of counsel for the plaintiff was in substance that the deposition was inadvertently taken into the jury room and that he had no knowledge of that fact until informed thereof by jurors whom he interviewed subsequent to the trial.

The court struck out the affidavits of the two jurors upon the motion of the defendants upon the ground that they were not competent to impeach the verdict of the jury. Appellant assigns this ruling as error, claiming that the affidavits are for the purpose of establishing an independent act of irregularity and are not strictly for the purpose of impeaching the verdict. There has long been a controversy as to the soundness of the rule that jurors may not impeach their verdict. This rule and the contentions with reference thereto and the decisions of the California courts upon the subject have been carefully reviewed in *Kollert* v. *Cundiff*, 50 Cal.2d 768 [329 P.2d 897]. The court there calls attention to the fact that two exceptions to the rule of exclusion have been established in California, one by Code of Civil Procedure, section 657, subdivision 2, which permits the filing of affidavits to show that the verdict was the result of chance, and a second exception, established by decisions of court, to the effect that disqualifications of a juror were concealed upon his examination on *voir dire*. The court holds that although other situations may

arise where, as a matter of substantial justice, other exceptions should be allowed, that nevertheless, no further exceptions should be recognized unless there is compelling reason.

There are many reasons to support the rule that an affidavit of a juror is incompetent to impeach the verdict. The reason most frequently given for the rule is that the verdict having been reached by the solemn deliberations of the jury, after hearing the evidence and the instructions, should not be lightly set aside because of the subsequent doubts or change of attitude by one of the jurors. Such rule would permit a juror to stultify his own solemn pronouncement and decision. Another reason is that jurors should be protected in the exercise of their function and their duties, and should not thereafter be subject to examination or pressure by litigants. In any event, the affidavits in question give the inference that the jury in its deliberations gave consideration to the contents of this deposition and to that extent it is sought to impeach the verdict. Under the rules recognized and established in California, the court correctly ordered that they be stricken.

The situation in the instant case is similar to that involved in *Woods* v. *Pacific Greyhound Lines,* 91 Cal.App.2d 572 [205 P.2d 738], in which it was held that the affidavits of jurors which sought to impeach their verdict, and the affidavit of counsel based upon hearsay, furnished no ground for granting a new trial. (See also *McWilliams* v. *Los Angeles Transit Lines,* 100 Cal.App.2d 27 [222 P.2d 953].)

However, it is unnecessary to base this decision upon any technical rule of exclusion. Two decisions of the California courts would seem to be conclusive as to the merits of the contention. In *Brandwein* v. *Rodriguez,* 133 Cal.App.2d 433 [284 P.2d 130], the depositions were taken to the jury room. It was held that the depositions in that case contained damaging testimony and therefore the motion for new trial was granted by the trial court. Upon appeal the court reviewed the record and stated: ''The trial court, therefore, did not abuse its discretion in granting a new trial.''

In *Quiring* v. *Zamboni,* 148 Cal.App.2d 890 [307 P.2d 650], the trial court permitted the depositions to be taken into the jury room. It was held that such order violated the provisions of section 612 of the Code of Civil Procedure and would have constituted sufficient ground for the granting of a new trial. However, the court examined the record and found that the deposition was in substance the same as the testimony of the witness with one minor discrepancy, and that therefore the

error in permitting the deposition to be taken into the jury room was not of sufficient moment to justify a reversal and did not result in a miscarriage of justice. The court held that pursuant to the admonition of article VI, section 4½ of the California Constitution, a reversal was not justified. It will be seen, therefore, that although the taking of a deposition into the jury room is erroneous, the question of whether it constitutes ground for a new trial or a reversal is one addressed to the sound discretion of the court.

We have therefore taken occasion to review carefully both the testimony of the defendant Laurel Waite and the contents of the questioned deposition. In substance the testimony of the witness on both occasions is the same. The one major conflict arises from the fact that at the deposition the witness testified that when she first became aware that plaintiff's automobile was crossing in her path, she was approximately 70 feet distant. At the trial she estimated the distance as being 200 feet. She was subjected to a long and careful examination with regard to this discrepancy, her attention being called to her deposition. Her explanation was that after giving her deposition she visited the scene of the collision in an attempt to more carefully estimate the position and discovered that her first estimate was wrong. There are some minor discrepancies in the testimony but nothing which would have affected the verdict of the jury or its conclusions as to the facts. The appellant contends, however, that by permitting the jury to have before it the written testimony, the evidence of the defendant was thereby unduly emphasized. Under some circumstances that reasoning might be persuasive. However, the ruling of the court upon motion for new trial was based upon its conclusion that the evidence amply supported the finding of the jury that plaintiff Davenport was negligent. If the finding to the effect that defendant was not negligent was in any degree influenced by the presence of the deposition in the jury room, a complete answer lies in the fact that the court granted a new trial as to the cross-complaint, and granted a new trial as to the plaintiff administratrix.

It appears, therefore, that the ruling of the trial court that the irregularity in question was insufficient to justify granting the motion of plaintiff Davenport for a new trial was a sound exercise of the court's discretion. (*Head* v. *Logan,* 39 Cal. App.2d 243 [102 P.2d 813]; *Henderson* v. *Braden,* 35 Cal. App.2d 88 [94 P.2d 625].)

There remains for discussion, therefore, but the question

of whether the rulings of the trial court as to the weight and sufficiency of the evidence were a sound exercise of its discretion. The appellant contends, also, that the court did not exercise a sound discretion in refusing a new trial as to the appellant, while granting a new trial as to the other plaintiff.

As stated, the plaintiff Davenport sought to drive her automobile across a through highway when the defendant was approaching the intersection on the through highway at a speed of 50 miles per hour or more. The area was one in which the prima facie speed limit was 55 miles per hour. There was nothing to interfere with plaintiff's view of approaching traffic. The evidence of marks upon the highway indicates that before the collision the defendant had applied her brakes with sufficient force to make definite marks upon the pavement. There was a conflict in the testimony as to whether plaintiff stopped her automobile at the line of the intersection before entering, or whether she stopped at the stop sign some distance before, or whether she stopped at all. However, by the provisions of Vehicle Code, section 552,* the party entering the through highway is prohibited from entering when traffic on the through highway is approaching so closely as to constitute an immediate hazard. The physical facts appear to have been such that the trial court felt it was an inescapable conclusion that plaintiff was guilty of negligence. We agree with the ruling of the trial court. (*Beseau* v. *George,* 111 Cal.App.2d 807 [245 P.2d 542].)

As to plaintiff's contention that it was an abuse of discretion to grant the new trial as to her coplaintiff and not as to her, it is to be borne in mind that upon a finding of plaintiff's negligence she could not recover damages in any event. The fact, if it be the fact, that plaintiff was negligent, would not, however, excuse the defendant from using due care. Once it appeared that plaintiff was about to cross the highway the necessity of using all due care to avoid the collision arose. Whether, under all of the circumstances, defendant was also guilty of negligence which was a proximate cause of the injury was a question for the jury. (*Shivers* v. *Van Loben Sels,* 109 Cal.App.2d 286 [240 P.2d 635].) The trial court felt that the greater weight of the evidence showed that both drivers were negligent. Upon such conclusion, the court was justified in granting a new trial as to the issues raised by the cross-complaint. Likewise, it must be remembered that deceased,

---

*Reporter's note: Section as numbered prior to 1959 recodification.

according to the evidence, was a guest in the car. If so, the negligence of the plaintiff driver was not attributable to him or to his heirs, and upon concluding that there should be a new trial with reference to the negligence of defendant, a new trial as to that plaintiff was entirely proper. We find, therefore, that the ruling of the trial court was in all respects a sound exercise of the court's discretion.

Judgment is affirmed. The order striking affidavits and the order denying motion for new trial are not appealable, and the appeal therefrom is dismissed.

Griffin, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 20, 1960.